WILLIAMS, Respondent, vs. BRECHLER and another, Garnishees, Appellants.

*November 13 — December 3, 1889.*

*Justices' courts: Garnishment: Appeal.*

An order made by a justice of the peace, under sec. 3725, R. S., requiring a garnishee to pay money into court, is not appealable under sec. 3753, R. S., or ch. 24, Laws of 1883. *Eilers v. Wood,* 64 Wis. 422, limited.

APPEAL from the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice Taylor as a part of the opinion:

This action was commenced in a justice's court by the respondent against Louis Briel, and the *Brechlers,* the appellants, were summoned in said action as garnishees of said Briel. The *Brechlers* appeared in the justice's court as garnishees, and answered. The plaintiff, *Williams,* took issue upon their answer, and the case between the plaintiff and the garnishees was tried in said justice's court; and on the 23d day of November, 1888, the justice made the following order in said garnishee action, viz.:

" The court, having considered the evidence offered, finds that said garnishee defendants, at the commencement of this action, did have in their possession property, to wit, boots and shoes, of the value of $157.00, the property of said defendant, Louis Briel; and a judgment having been rendered on the 17th day of October, 1888, in favor of said *E. W. Williams,* and against said defendant, Louis Briel, for the sum of $184.25, and $5 costs, total damages and costs $189.25; and it appearing that said garnishee defendants have disposed of said property to one C. P. Hinn,— it is ordered by the court that said garnishee defendants do within ten days from the date of said order pay to this court the sum of $157.00, besides the costs of said garnishee

suit which have been made since issue joined, amounting to $32.97, for the benefit of said plaintiff.   T. F. BALDWIN, Justice of the Peace."

After the entry of this order, and on the 28th day of November, 1888, the garnishees filed with the justice of the peace a notice of appeal, affidavit, and undertaking on appeal from such order to the circuit court of Grant county. December 31, 1888, the justice made his return to such appeal to the circuit court.

On the 2d day of January, 1889, on motion of the plaintiff's attorneys, the justice rendered judgment against the garnishees in the following form: "January 2, 1889, the plaintiff by his attorneys having demanded that a judgment be rendered against said garnishee defendants for the sum of $157.00, and $32.97 costs, in favor of said plaintiff, judgment is hereby rendered in favor of said plaintiff and against said garnishee defendants for damages, $157.00, and costs $32.97; total damages and costs, 189.97.   T. F. BALDWIN, Justice of the Peace."

At the February term of the circuit court of Grant county, when the appeal from the order of the justice was called for trial in its regular order, the attorneys for the plaintiff moved to dismiss the appeal for the reason that it was prematurely taken.   The court granted the motion, and made the following order dismissing said appeal:

" The parties to the above-entitled action appearing at said time, the plaintiff by Bushnell & Watkins, his attorneys, and the said garnishees by John D. Wilson, Esq., their attorney, and it appearing to the court now here that at the time the attempted appeal herein of said garnishees was taken no judgment had been rendered in said action against said garnishees: Now, therefore, it is, on motion of Bushnell & Watkins, plaintiff's attorneys, ordered and adjudged that said action be stricken from the calendar of this court, and that said appeal therein be, and the same is,

hereby dismissed.   Dated March 7th, 1889.   By the Court,
GEORGE CLEMENTSON, Judge."

From this order the garnishees appealed to this court.

For the appellants there was a brief by *John D. Wilson*,
and oral argument by *W. E. Carter.*

For the respondent there was a brief by *Bushnell & Watkins*, and oral argument by *A. R. Bushnell.*

TAYLOR, J.   It is claimed by the learned counsel for the
appellants that they had the right to appeal from the order
made by the justice, under sec. 3725, R. S., before any judg-
ment was entered on such order as provided in sec. 3726,
R. S.   In this we think he is mistaken.   The order direct-
ing the garnishees to pay the money into court within ten
days, made under sec. 3725, can only be enforced by an
entry of judgment as prescribed in sec. 3726.   It is no more
a judgment from which an appeal can be taken than is a
verdict of a jury assessing the plaintiff's damages, or a find-
ing of a court fixing the amount of damages.   The statute
giving the right of appeal from the decisions in justices'
courts only gives the right to appeal from final judgment.
The language of sec. 3753, R. S., is as follows: " Any party
to a final judgment rendered by a justice of the peace, and,
when a judgment shall be rendered against a garnishee,
the defendant in the original action, may appeal therefrom;"
etc.   No appeal is given except from a final judgment.
That the order made under sec. 3725, R. S., is not final, is
evident from the fact that the next section provides for a
final judgment on default of the garnishee to comply with
the order made under sec. 3725, R. S.   It is clear no execu-
tion could be issued on the order, nor could it be enforced
by proceedings for contempt for a refusal to pay the money
directed to be paid.   It is in the nature of an interlocutory
order made in an action in a court of record.

It is equally clear to us that ch. 24, Laws of 1883, does

Williams vs. Brechler and another.

not change the rule and give the right to appeal from an order made under sec. 3725, R. S., requiring the garnishee to pay money into court. The object of the amendment of sec. 3726, R. S., by ch. 24, Laws of 1883, was first to direct for what sum judgment should be rendered against the garnishee in case he had been ordered to deliver property to the justice under the provisions of sec. 3725, R. S., and which he had failed to comply with. The language of the section on this subject is as follows: " (1) If the value of the property in the possession of the garnishee, as found by the justice or jury, shall be less or equal to the judgment against the principal debtor for damages and costs, then for the value so found. (2) If the value of the property in the possession of the garnishee, as found by the justice or jury, shall exceed the amount of the judgment for damages and costs against the principal defendant, then for the amount of the judgment for damages and costs against the principal defendant, with the costs of suit in the action in which he is garnishee, not exceeding the value as found by the justice or jury." Another object of the statute was to confer upon the plaintiff in the garnishee action the right to take a judgment, not for the value of the property in the hands of the garnishee, but for the delivery of the property itself. So the section goes on to provide as follows: " The plaintiff, at his election, instead of taking judgment as aforesaid for the value as so found against the garnishee, may enforce the delivery of the property found in his hands by proceedings as for a contempt, in case of the garnishee's refusal to deliver the property found in his possession pursuant to the order of the justice requiring such delivery." The act then proceeds to add: " An appeal may be taken from any order of the justice directing *the delivery of the property* in the garnishee's possession the same as if from a judgment."

It seems to us very clear that the right to appeal from

an order made by a justice in garnishee proceedings is from "an order for the delivery of the property in the garnishee's possession," and not from an order directing him to pay into court the amount of any indebtedness from the garnishee to the defendant in the principal action. A clear distinction is made in both sections between an order to pay money and an order to deliver property, and the appeal from the order is given in the one case and not in the other. Some of the difficulties and inconsistencies of allowing an appeal from the order to pay money into court, and at the same time allowing the justice to enter judgment upon the order if not complied with in ten days, are referred to in *Eilers v. Wood*, 64 Wis. 422, 424. What was said in that case as to the right of the garnishee to appeal from an order to pay money into court is not *res adjudicata* in this court, as that was not the point in the case upon which the decision therein was based. The decision in that case was based upon the construction of sec. 3772, R. S., and not upon the construction of sec. 3726, as amended.

*By the Court.*— The order and judgment of the circuit court are affirmed.