EILERS, Appellant, vs. WOOD and another, Garnishees, etc., Respondents.

*October 19 — November 3, 1885.*

*Justices' courts: Garnishment: Appeal from order requiring payment: Restitution when ordered.*

An order of a justice of the peace requiring a garnishee to pay into court for the benefit of the plaintiff the amount of a judgment against the principal defendant, or in default thereof that judgment be rendered against him, is not a judgment; and upon the reversal of such order on appeal, the amount collected on the judgment subsequently rendered cannot be ordered to be repaid under sec. 3772, R. S.

APPEAL from the County Court of *Milwaukee* County. The case is sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *S. W. Granger*, and for the respondent on that of *Howard Van Wyck*.

ORTON, J. The records show that judgment had been rendered by the justice in the action in favor of the appellant, as plaintiff, against S. D. Johnson, defendant, and execution issued thereon, and the respondents had been summoned as garnishees and had made answer, by which the justice found that they were indebted to the defendant in the sum of $61.60. Thereupon the justice, in accordance with sec. 3726, R. S., as amended by ch. 24, Laws of 1883, made an order that the respondents, as such garnishees, pay into the court for the benefit of the plaintiff, within ten days, said sum of $61.60, so found due the defendant in the execution, or in default thereof judgment would be rendered against them. According to said amendment an appeal was allowed from such order "as from a judgment," and the respondents, before said ten days expired, took such appeal to the county court, and gave the undertaking provided for in case of an appeal from a judgment of a justice, which had the effect to stay the issuing of an execution on the same. Secs. 3756, 3757, R. S. After the expiration of said ten days the justice rendered judgment for said $61.60 against said respondents, and issued an execution upon the same, and the respondents paid said judgment under protest. The appeal was afterwards heard in the county court, and the said order of the justice was reversed, and judgment rendered against the respondents for only $17.50 and costs. Thereupon the county court, on the motion of the respondents, made an order requiring the plaintiff to pay to the said respondents the sum of $43, the amount so paid on said execution and judgment of the justice, in excess of said $17.50, interest and costs of the judgment of the county court. This appeal is taken from said order.

The amendment to the Revised Statutes allowing an appeal from such an order of the justice omitted to provide for staying further proceedings before him, and he proceeded to render the judgment as he supposed the statute required. There seem to be omissions, in the amendment, of important provisions which would prevent such a medley of incongruities as appears in this record. Whether the justice had authority to render said judgment, or whether the same is void or merely erroneous, are questions not necessary to decide on this appeal. But it is clear that said order of the justice is not a *judgment*, for the justice is required to render judgment thereon after the expiration of said ten days, unless the same is complied with. And it is equally clear that the judgment on which the $61.60 was paid was not appealed from, and has never been reversed, lessened, modified, or changed in any respect, but it remains on the docket of the justice satisfied by such payment. The statute under which the order appealed from was made is as follows: "If any justice's judgment, or any part thereof, be collected, and the judgment be afterwards reversed, the appellate court shall order the amount collected to be restored, with interest from the time of the collection. Such order may be obtained upon proof of the facts, upon notice and motion, and may be enforced as a judgment." Sec. 3772, R. S. This statute authorizes a special proceeding to enforce, in a summary manner, the restoration of money collected on a judgment of a justice which was afterwards reversed on appeal, by an order on motion, which may be enforced as a judgment. The common-law remedy in such a case was by action. The statute should therefore have a strict construction, and should not be made to embrace cases not within its provisions. This case is not within its provisions, (1) because no *judgment* of a justice has been collected; (2) no judgment has been reversed; (3) the judgment actually collected has never been appealed or reversed;

Johnson, Adm'r, etc. vs. The Chicago & Northwestern R. Co.

(4) an *order* of the justice only was reversed; (5) the money was not collected on the order, nor was the order complied with by payment. The statute has no application to such a case. Whether the statute has application to any case where there has not been a complete and full *reversal* of a justice's judgment, or where there has been a trial on the merits on appeal and the justice's judgment has been reduced in amount, or judgment rendered for the defendant, we do not decide in this case.

*By the Court.*— The order of the county court is reversed.

TAYLOR, J., dissents.