SMITH, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*November 11 — November 26, 1895.*

*Railroads: Injury to employee: Negligence of co-employee: Statutory liability.*

1. A car repairer and a yard switchman are fellow-servants, so that the railway company, their employer, is not liable for an injury to one from the negligence of the other, unless made so by statute.

2. Where all needful regulations had been made by the railway company for the safety of a car repairer while at work, and in accordance therewith a flag had been placed in a conspicuous place, indicating to other employees his presence in a car standing in the yard, the negligence of a switchman who, regardless of such signal, caused another car to be kicked against such stationary car, is not to be imputed to the company. *Promer v. M., L. S. & W. R. Co.* 90 Wis. 215, distinguished.

3. Ch. 220, Laws of 1893 (which makes a railway company liable for an injury to any employee thereof, without contributory negligence on his part, while he is "engaged in operating, running, riding upon or switching passenger or freight or other trains, engines or cars, and while engaged in the performance of his duties as such employee, and which such injury shall have been caused by the carelessness or negligence of any other employee," etc.), does not apply to an injury sustained by a car repairer through the negligence of a switchman in causing a car to be kicked against the stationary car in which such repairer was at work.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

This is an action to recover compensation for personal injuries received by plaintiff while he was in the employ of the defendant as a car repairer. Such injuries were received through the negligence of a yard switchman in causing a car to be kicked against the one in which plaintiff was working. The trial court, at the close of plaintiff's testimony, granted a nonsuit on defendant's motion upon the ground that the injuries were caused by the negligence of a fellow-servant, and that plaintiff was not one of the class of employees taken out of the common-law rules by ch. 220, Laws of 1893.

*Thos. R. Hudd,* for the appellant.

For the respondent there was a brief by *Greene, Vroman & Fairchild,* and oral argument by *C. E. Vroman.* They argued, among other things, that that portion of ch. 220, Laws of 1893, applicable to this case is limited to such railroad employees as are injured " while engaged in operating, running, riding upon or switching passenger or freight cars or other trains, engines, or cars." The plaintiff was not so engaged. The caboose in which he was at the time formed no part of a train, but was sidetracked and stationary. Sec. 1307, Iowa Code of 1873; *Smith v. B., C. R. & N. R. Co.* 59 Iowa, 73; *Foley v. C., R. I. & P. R. Co.* 64 id. 644; *Malone v. B., C. R. & N. R. Co.* 61 id. 326; *S. C.* 65 id. 417; *Luce v. C., St. P., M. & O. R. Co.* 67 id. 75; *Matson v. C., R. I. & P. R. Co.* 68 id. 22; *Stroble v. C., M. & St. P. R. Co.* 70 id. 555; *Schrœder v. C., R. I. & P. R. Co.* 41 id. 341; *Potter v. C., R. I. & P. R. Co.* 46 id. 399; *Smith v. B., C. R. & N. R. Co.* 59 id. 73; Minnesota Laws of 1887, ch. 13; *Lavallee v. St. P., M. & M. R. Co.* 40 Minn. 249; *Johnson v. St. P. & D. R. Co.* 43 id. 222; *Pearson v. C., M. & St. P. R. Co.* 47 id. 9.

MARSHALL, J. It has been too long and too well settled that persons working for the same employer, bearing such relations to each other and to the business they are jointly engaged in for such employer as a switchman and a car repairer, are fellow-servants, and that the master is not liable for an injury to one through the negligence of the other unless made so by statute, to need any discussion of the subject here. This case is not within the principle of *Promer v. M., L. S. & W. R. Co.* 90 Wis. 215. All needful regulations were made for the safety of the plaintiff while he was at work in the car. He put out a flag in a conspicuous place on the car, in accordance with the rules regulating his employment, to indicate to the other servants of the defendant his presence in the car, and there is no question but that the method adopted for the purpose was reasonably sufficient; but the sole trouble was that the switchman did not mind the signal, and negligently caused the car which was propelled towards the one in which plaintiff was working to be moved without due regard to plaintiff's safety. Therefore, if there be any liability of defendant to plaintiff, it is under ch. 220, Laws of 1893, which provides as follows: "Every railway company operating any railroad or railway, the line of which shall be in whole or in part within this state, shall be liable for all damages sustained within this state by any employee of such company without contributory negligence on his part; first, when such injury is caused by any defect in any locomotive, engine, car, rail, track, machinery or appliance required by said company to be used by its employees in and about the business of such employment, when such defect could have been discovered by such company by reasonable and proper care, tests or inspection, and proof of such defect shall be presumptive evidence of knowledge thereof on the part of such company; second, or while any such employee is so engaged in *operating, running, riding upon or switching, passenger*

or freight or other trains, engines or cars, and while engaged in the performance of his duties as such employee, and which such injury shall have been caused by the carelessness or negligence of any other employee, officer or agent of such company in the discharge of, or for failure to discharge his duties as such." The words, "while engaged in the performance of his duties as such employee," refer to the words, "while operating, running, riding upon or switching, passenger or freight or other trains, engines or cars." This, we think, is very clear. It is a familiar principle that statutes in derogation of the common law should be strictly construed, and not given any effect beyond the plain legislative intent (*Eilers v. Wood*, 64 Wis. 422; *Indianapolis & C. R. Co. v. Kinney*, 8 Ind. 402; *Risser v. Hoyt*, 53 Mich. 185; *Kohn v. Collison* [Del. Super.], 27 Atl. Rep. 834); but whether the statute under consideration is tested by that rule or by the more liberal one applicable to purely remedial laws, the result must be the same, for the legislative intent must govern, and that it is to be determined "by considering the entire statute, looking at every part, having regard to the legislative idea or purpose of the whole instrument." The legislative idea of that part of the law under consideration plainly is to give a right of action to the class of employees engaged in operating and moving trains, engines, and cars, while actually so engaged; and the words used to express such idea are too plain to leave any room for a resort to the rules for judicial construction to determine their meaning. Plaintiff was not an employee engaged in the branch of railway service, when injured, entitled to the benefits of the statutory liability.

It follows from the foregoing that the decision of the trial court in granting the motion for nonsuit was right, and that the judgment appealed from should be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.