EAN, Executrix, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*December 21, 1896 — January 12, 1897.*

*Railroads: Employee "operating car:" Survival of actions: Construction of statute: Negligence: Pleading.*

1. A freight handler, while actually engaged in moving a freight car along the track to the freight house in the course of his employment, was engaged in operating and moving the car within the meaning of ch. 220, Laws of 1893 (making railroad companies liable for injuries to employees, without contributory negligence, received while engaged in operating and moving trains, engines, and cars, through the negligence of any other employee of the company).

2. Under sec. 4255, R. S. (providing that "whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured "), an action may be maintained by the administrator of a deceased railroad employee who was killed while operating cars, etc., through the negligence of another employee or agent of the company, under such circumstances that the deceased if he had lived could have maintained an action for his injuries under ch. 220, Laws of 1893.

3. In an action for the killing of a railroad employee while engaged in moving a freight car on a side track by being run over by other cars which had been standing on that track, but which were in some manner put in motion, a complaint alleging the negligent failure of the defendant's employees to give warning of the approach of an engine and cars from some point beyond a curve so located as to interfere with the view from the point where the deceased was at work, but failing to allege that there was a curve, or that any cars came from beyond the curve and struck the standing cars, or that other cars were in fact moved upon that track, or that the standing cars were moved by other cars being negligently propelled against them and thereby pushed down upon and over the deceased, is *held* insufficient, even upon demurrer *ore tenus*, to show that the deceased came to his death by reason of cars being negligently propelled against the standing cars.

WINSLOW, J., dissents.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

Action to recover damages for the death of George Ean, alleged to have been caused by the negligence of defendant's employees.

It is alleged in the complaint that on the 14th day of November, 1894, deceased was at work for defendant in its freight house in the Fourth ward of the city of Milwaukee, as a freight handler; that it was one of his duties to aid, when requested by the agent in charge of such freight house, in moving cars from points on defendant's tracks near such freight house down in front of the proper door of such freight house for the purpose of unloading such cars; that on the day named a string of cars was standing on track No. 3, the nearest car being about three car lengths from the sixth door of the freight house; that the deceased and three of his co-employees were directed by the agent to take the nearest car in the string and put it opposite such door; that no engine was in sight at that time, and no cars were being moved in the vicinity; that deceased and his associates proceeded to carry out their instructions; that, in

doing so, deceased and one of his associates, in the exercise of due care, went between the cars, uncoupled the one to be moved, and commenced pushing it to its destination, when noiselessly, and without having given or caused to be given any warning of the approach of any cars, and without having any flagman or other servant there stationed to warn persons of their approach, either along the tracks or on the cars approaching, and without ringing any bell or blowing any whistle, or having any person stationed at any place to warn persons of the cars' approach around the curve on the viaduct, upon said track, and without having any lawful or safe method of notifying said deceased of the approach of any cars or engine, the said defendant then and there, by its servants, agents, and employees in charge of and managing, conducting, and running said cars, so carelessly managed, moved, and conducted the same that by and through the carelessness, negligence, and improper conduct of said defendant, by and through its said agents, servants, and employees, then and there run into and struck, with great force and violence, the string of cars standing upon the track No. 3 aforesaid, from which said deceased had aided to uncouple the car to be switched away, as aforesaid, to the freight house, and thereby forced the said string of cars behind said Ean, and with great force and violence, upon and over him, the said Ean, whereby he was thrown down, and the cars run upon and over him, crushing his arm and leg and side, and causing mortal injury, from which, and on account of which, he died on the 19th day of November, 1894.

The defendant answered, and upon the trial objected to any evidence under the complaint, for the reason that it fails to state facts sufficient to constitute a cause of action. The objection was sustained, and thereupon, on motion, the complaint was dismissed. Judgment was entered in defendant's favor for costs, from which this appeal was taken.

For the appellant there was a brief by *Rogers & Mann·* and *Geo. E. Sutherland,* and oral argument by *Mr. Sutherland.*

*C. H. Van Alstine,* of counsel, for the respondent.

MARSHALL, J.   It needs no discussion to demonstrate from· the record in this case that, if any negligence is alleged in the complaint as the proximate cause of the death of the· testator, it was the negligence of an employee of the defendant; hence no right of action exists in favor of the plaintiff,. unless the deceased, had he lived, could have recovered damages for his injury, of the defendant.   It does not appear· upon what ground the learned judge of the superior court sustained the demurrer *ore tenus,* but from the briefs of counsel we assume that his decision was based upon the· ground, among others, that the deceased was not an em-- ployee entitled to the benefits of ch. 220, Laws of 1893. That act received consideration in *Smith v. C., M. & St. P. R. Co.* 91 Wis. 503, and no good reason appears to change in· any way the conclusion there reached.   It was there said,. in effect, in regard to that part of the act applicable to this question, that " the legislative idea plainly was to give a right of action to employees engaged in operating and moving trains, engines, and cars while actually so engaged, and· the words used to express such idea are too plain to leave· room for resort to the rules for judicial construction to deter-- mine their meaning."   The test in any given case is, Was the person injured employed in one of the branches of the· railway service covered by the act at the time of the injury ? If so, he is entitled to its benefits, whether such service was the principal kind of work to be performed by him under· his contract of employment, or a mere incident to his general duties.   As, in case where an employee is injured by the negligence of another whose general employment is that. of a vice principal and such other is temporarily doing the·

work of an employee, the right of the injured party is governed by the nature of the service in which such other is engaged at the time of such injury, so here, whether the deceased, had he lived, would have been entitled to the benefits of the act in question, depends wholly upon whether he was doing the kind of service specified in the act, at the time of the injury. If he was, whether such service required him to assist in running the car a distance of three car lengths or a greater distance, or whether by the power of a locomotive, or by some other means, makes no difference. While actually engaged in moving the car, he was within the extraordinary perils which the act was designed to protect employees against. The conclusion of the trial court to the contrary cannot be sustained.

It was further contended that, even if the deceased would have been entitled to recover of the defendant, had he lived, sec. 4255, R. S., has no application to such a case; hence no cause of action is stated in the complaint in favor of the plaintiff, independent of ch. 280, Laws of 1887, which made some changes in the law respecting the survivorship of actions. Clearly, the right of action in favor of the deceased was lost by his death (*Randall v. N. W. Tel. Co.* 54 Wis. 140; *Meese v. Fond du Lac*, 48 Wis. 323; *McKeigue v. Janesville*, 68 Wis. 50), and, as there is no statute giving a right of action to the personal representatives, except sec. 4255, R. S., if the cause of action in favor of the deceased was lost by his death, unless that applies the complaint is fatally defective. Such section is as follows: "Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person

Ean vs. Chicago, Milwaukee & St. Paul R. Co.

injured," etc., etc.   It will be observed that the statute says that "in every such case the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."   To be sure, the rule of strict construction should apply, as the act is in derogation of the common law (*Eilers v. Wood,* 64 Wis. 422; *Smith v. C., M. & St. P. R. Co., supra*), if the language is open to construction; but, in our judgment, it is not.   There is nothing either in the terms or the spirit of the act from which the court can say the legislative idea was to confine its effect to rights of action in favor of injured persons, as the law existed on the subject at the time sec. 4255 was passed.   On the contrary, it is too plain to be open to serious discussion that the legislative intent was to give a right of action to the personal representatives of a deceased person in all cases where such person would be entitled to recover damages for his injury if death had not ensued.   While it is the duty of the courts to resolve reasonable doubts in favor of the restrictive effect of an act that is in derogation of the common law, it would be going beyond judicial functions to put restrictive words into a law by judicial construction.   We hold that sec. 4255 applies to this case, and that the ruling of the trial court to the contrary cannot be sustained.

A further question is presented of whether the complaint shows that the proximate cause of the death of the testator was negligent conduct of defendant's employees while in the discharge of, or failure to discharge, their duties as such. That part of the complaint relied upon as charging negligence is so involved that it is with considerable difficulty that we are enabled to analyze it satisfactorily.   We have considered the question of its sufficiency, fully recognizing that, under the liberal rules that govern the construction of pleadings, every reasonable intendment and presumption should be made in favor of it (*Morse v. Gilman,* 16 Wis. 504);

and that, if the essential facts can be gathered from the
pleading or may be reasonably inferred from the allega-
tions, it is good, though such allegations be, in form, uncer-
tain, incomplete, and defective (*Flanders v. McVickar*, 7
Wis. 372; *Horn v. Ludington*, 28 Wis. 81; *Merrill v. Mer-
rill*, 53 Wis. 522; *Miller v. Bayer*, 94 Wis. 123); also that
such rules should be applied with strictness in favor of the
complaint, when challenged as insufficient by a demurrer *ore
tenus*,— and yet the difficulty in determining that the com-
plaint in question alleges a failure of duty constituting neg-
ligence on the part of the employees of the defendant does
not disappear.

To aid in determining what is, in effect, alleged on the
subject of negligence, we transpose somewhat the language
of the complaint in that regard, as follows: When the said
defendant, without having given, or caused to be given, any
warning of the approach of any cars, and without having
any flagman or other servant there stationed to warn per-
sons of their approach, either along the tracks or on the cars
approaching, and without ringing any bell or blowing any
whistle or having any person stationed at any place to warn
persons of the cars' approach around the curve at the via-
duct upon said track, and without having any lawful or safe
method of notifying said deceased of the approach of any
cars or engine, then and there, by its servants, agents, and
employees in charge of and managing, conducting, and run-
ning such cars, so carelessly managed, moved, and conducted
the same that by and through the carelessness, negligence,
and improper conduct of said defendant, by and through its
said agents, servants, and employees, did then and there
noiselessly run into and strike with great force and violence
the string of cars standing upon the track No. 3, as afore-
said, forcing the same down and upon and over the said Ean,
mortally injuring him and causing his death.

It will be observed that the failure to give warning or any

Ean vs. Chicago, Milwaukee & St. Paul R. Co.

signal of approaching danger has reference to an approach of cars from some point beyond a curve so located as to interfere with the view from the point where the deceased was at work. But there is no allegation that there was such a curve in fact; no allegation that any cars came from beyond the curve and struck the string of cars; no allegation that other cars were in fact moved upon the track, or in the vicinity of the string of cars. All the allegations respecting negligent conduct other than that respecting a failure to give warning of impending danger referred to the management of the cars, yet there is no allegation that cars were moved in upon track No. 3, upon which the string of cars was located; no allegation that the string of cars was moved by other cars being negligently propelled against it, and that it was thereby pushed down toward, upon, and over the deceased, causing his death. Giving to the language of the pleading the most liberal construction it will reasonably bear, aided by all inferences that can be legitimately drawn therefrom, we are unable to sustain it as a concise statement of facts constituting a cause of action. The defect is not merely one of indefiniteness and uncertainty; it lies in an absolute failure to allege facts sufficient to show that, without fault on the part of the deceased, he came to his death by reason of cars being negligently propelled against the string of cars, thereby causing the same to move down upon the deceased, causing his death. For this reason the complaint is fatally defective, and the judgment must be sustained.

*By the Court.*— Judgment affirmed.

WINSLOW, J., dissents.