Hibbard vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

court concluded upon these facts that if *Brown* has any claim upon any one for them it is upon Anderson individually, and in this conclusion we agree.

5. It appears that *Mr. Brown* paid something over $4,000 to laborers who had been working in the shop, just prior to the appointment of the receiver, and he claims that he should be allowed this amount as a preferred creditor under sec. 2787a, S. & B. Ann. Stats. There are a number of complete answers to this proposition, but one will serve. In paying these laborers *Mr. Brown* was simply paying his own debt. The corporation had never been legally organized, as required by sec. 1773, R. S., so that it could do business with others than its members. It is very doubtful whether half of its capital had ever been subscribed, and it is absolutely certain that twenty per cent. had never been paid in. *Mr. Brown* was and is a stockholder. He so alleges in his complaint in this action, and that allegation has never been withdrawn, and he is bound by it. In paying these laborers he was but paying his own debt, and he can have no preference therefor.

Some other minor contentions are made, but they possess no merit.

*By the Court.*— Judgment affirmed.

---

Hibbard, Respondent, vs. Chicago, St. Paul, Minneapolis & Omaha Railway Company, Appellant.

*May 21 — June 11, 1897.*

*Railroads: Injury to warehouseman sealing car: Fellow-servants: Negligence: Statutory liability.*

A warehouseman of a railroad company who was injured, while sealing the doors of a car attached to an engine, through the negligence of the engineer or fireman in suddenly moving the engine, was

not employed in "operating, running, riding upon, or switching" trains or cars, within the meaning of ch. 220, Laws of 1893, providing that a railway employee so engaged may recover for injuries caused by the negligence of another employee in the performance of his duties.

APPEAL from a judgment of the circuit court for St. Croix county: O. B. WYMAN, Judge. *Reversed.*

The facts are stated in the opinion.

For the appellant there was a brief by *L. K. Luse*, attorney, and *Thomas Wilson*, of counsel, and oral argument by *Mr. Luse*.

*W. F. McNally*, for the respondent.

WINSLOW, J. The plaintiff recovered a judgment for personal injuries received by him under the following circumstances: He was employed as a warehouseman by the defendant at its station at New Richmond, and one of his duties was to seal the doors of all freight cars which were loaded at New Richmond, before they left the station. On the day of the accident a car had been loaded with flour at a mill about a quarter of a mile from the freight depot at New Richmond. A freight train came in, and the engine uncoupled from the train and brought this car to the station, preparatory to placing it in the train. While the engine and car were standing still upon the house track for a moment, the plaintiff went between the car and the tender of the engine, and was climbing up to seal the door in the end of the freight car, when the engine was suddenly moved back, and the plaintiff's foot was caught under the wheel of the tender and partly torn off.

Plainly, if his injury was the result of the negligence of any third person, it was the negligence of the engineer or fireman of the engine, both of whom were the plaintiff's fellow-servants. *Ewald v. C. & N. W. R. Co.* 70 Wis. 420. If, therefore, there is any liability on the part of the railway

company, it must be under the terms of ch. 220, Laws of
1893. By this act a railway employee who is engaged in
"operating, running, riding upon, or switching" trains or
cars may recover for injuries caused by the negligence of an-
other employee in the performance of his duties. That the
plaintiff was not at the time of his injury engaged in "op-
erating, running, riding upon, or switching" a car is so plain
that argument of the question is unnecessary. Sealing the
door of a car, plainly, is not operating or running it. This
view is in harmony with the previous decisions of this court
construing this statute. *Smith v. C., M. & St. P. R. Co.* 91
Wis. 503; *Ean v. C., M. & St. P. R. Co.* 95 Wis. 69. The
consideration of decisions under radically different statutes
in other states would not be in any degree helpful. These
views are fatal to the recovery, and render the consideration
of other questions unnecessary.

*By the Court.*— Judgment reversed, and cause remanded
for a new trial.