ANDREW BENSON v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

January 5, 1899.

Nos. 11,291—(193).

Railway—Injury to Employee—Laws (Wis.) 1893, c. 220—Hand Car.

Laws (Wis.) 1893, c. 220, provides that "every railroad or railway company operating any railroad * * * within this state shall be liable for all damages sustained within this state, by any employee of such company without contributory negligence on his part * * * while any such em-

ployee is so engaged in operating, running, riding upon or switching passenger or freight or other trains, engines or cars, and while engaged in the performance of his duty as such employee, and which such injury shall have been caused by the carelessness or negligence of any other employee, officer or agent of such company." *Held*, that the words "or other * * * cars" include hand cars.

Action in the district court for Hennepin county to recover $1,950 for personal injuries received by plaintiff, while employed in the state of Wisconsin by defendant. From an order, Lancaster, J., sustaining a demurrer to the amended complaint, plaintiff appealed. Reversed.

*Arctander & Arctander*, for appellant.

The accident having occurred in Wisconsin, plaintiff's right of action depends upon the law of that state. What that law is, is a question of fact. Herrick v. Minneapolis & St. L. Ry. Co., 31 Minn. 11; Njus v. Chicago, M. & St. P. Ry. Co., 47 Minn. 92; Britton v. Northern P. R. Co., 47 Minn. 340. The Wisconsin statute governing actions of this character is the act of 1893 (Wis.) c. 220. The case at bar comes within the meaning of the act. Smith v. Chicago, 91 Wis. 503; Ean v. Chicago, 95 Wis. 69. A "hand car" is within the meaning of the word "cars" as used in that act. Ean v. Chicago, supra; Smith v. St. Paul & D. R. Co., 44 Minn. 17; Steffenson v. Chicago, M. & St. P. Ry. Co., 45 Minn. 355; Slette v. Great Northern Ry. Co., 53 Minn. 341.

*L. K. Luse* and *Thomas Wilson*, for respondent.

The words "passenger or freight" in the act of 1893 (c. 220), clearly qualify the word "cars," and are in fact, to this extent, a specific enumeration of the cars intended to be included; hence, under the familiar rules of noscitur a sociis and ejusdem generis, limit the meaning of the words "or other" following the word "freight" in the statute, and preceding the words "trains, engines or cars," to cars of like kind. See Brown v. Village of Heron Lake, 67 Minn. 146; Grimes v. Bryne, 2 Minn. 72 (89); Jensen v. State, 60 Wis. 577; Bevitt v. Crandall, 19 Wis. 610; Neal v. Clark, 95 U. S. 704.

MITCHELL, J.

This action was brought to recover damages for personal injuries sustained in the state of Wisconsin while the plaintiff, in the performance of his duty as an employee of the defendant, was engaged in propelling a hand car over defendant's railway; the injury being caused by the alleged negligence of other employees of the defendant, in carelessly and without notice running another hand car into and against the one which the plaintiff was propelling.

The action was brought under Laws (Wis.) 1893, c. 220, and the only question is whether the facts alleged in the complaint bring the case within the provisions of this statute. The statute so far as here material, reads as follows:

"Every railroad or railway company operating any railroad or railway, the line of which shall be in whole or in part within this state, shall be liable for all damages sustained within this state, by any employee of such company, without contributory negligence on his part   *   *   *   while any such employee is so engaged in operating, running, riding upon or switching passenger or freight or other trains, engines or cars, and while engaged in the performance of his duty as such employee, and which such injury shall have been caused by the carelessness or negligence of any other employee, officer or agent of such company in the discharge of, or for failure to discharge, his duties as such."

Defendant's counsel concede that the facts alleged bring the case within all the conditions of the statute, except that the plaintiff at the time he received the injury was not "engaged in operating, running, riding upon or switching passenger or freight or other trains, engines or cars," within the meaning of the statute,—their particular contention being that the words "or other cars" do not include hand cars; that in view of the connection in which they are used, and under the familiar rules of noscitur a sociis and ejusdem generis, the words "or other cars" must be limited to cars of like kind to those previously enumerated, viz., "passenger and freight [cars], or other trains and engines,"—that is, to cars used on trains operated on the road, and intended to be propelled, and usually propelled, by steam. And this contention they seek to enforce by the suggestion that in popular speech the words "railway cars," without any qualifying or explanatory prefix, do not include hand cars.

So far as we are advised, this act has come before the supreme court of Wisconsin for consideration only in the cases of Smith v. Chicago, 91 Wis. 503, 65 N. W. 183; Ean v. Chicago, 95 Wis. 69, 69 N. W. 997; Andrews v. Chicago, 96 Wis. 348, 71 N. W. 372; and, by implication, in Hibbard v. Chicago, 96 Wis. 443, 71 N. W. 807.

Unfortunately for us, in none of these cases was the question now presented considered or decided. Only two questions as to the construction of the statute seem to be settled by these cases, viz.: (1) That, to bring a case within its provisions, the employee must have received his injuries while "engaged in operating, running, riding upon or switching passenger or freight or other trains, engines or cars"; and (2) that it is immaterial by what kind of power the cars, etc., are being propelled at the time the employee receives the injuries. We have, therefore, to meet the question as res integra.

The purpose or aim of all rules of statutory construction is to ascertain the legislative intent. They are all but aids to this end. It is perfectly evident from the general scope of the act, and from the context, that the word "cars" refers only to railroad cars. To that extent it is legitimate to resort to the rules of construction invoked by defendant's counsel. The words "railroad cars," in their general sense, include "hand cars"; for they are constructed and used for running on the lines of rails of a railroad,—being propelled by hand by those riding on them, through the aid of cranks and gearing. They would therefore be within the purview of the statute, unless there is something in the context or in the subject-matter or the object of the act which shows that the legislature did not intend to include them.

It is very manifest that the statute was designed for the protection and benefit of the class of railway employees engaged in operating, running or riding upon railroad cars, trains and engines, while so engaged in the performance of their duty, by giving them a right of action for injuries thus received caused by the negligence of their fellow servants. It doubtless proceeds upon the theory that railway employees, while thus engaged, are exposed to peculiar and extraordinary perils from the negligence of their co-

employees, against which they are, for various reasons, especially unable to protect themselves.

These considerations apply to those operating or riding upon hand cars as well as to those operating or riding upon any other railroad cars,—not to the same degree, perhaps, as to dangers connected with the motive power of the car operated or ridden upon, but to an even greater extent as to dangers resulting from the negligence of those operating or running other cars, trains or engines. In short, operating, running or riding upon hand cars is "within the mischief" of the statute, and there is apparently no good reason why the legislature should have excluded it. This is not necessarily conclusive, but it is a good reason why a court should not exclude it by construction, unless it is clear from the language of the statute that the legislature so intended. We find nothing in the statute that would justify a court in holding that the legislature intended to exclude hand cars from its operation.

A court has no right to resort to the maxims of noscitur a sociis or ejusdem generis for the purpose of reading into a statute a distinction which the legislature neither made nor intended to make. These rules are not the masters of the courts, but merely their servants, to aid them in ascertaining the legislative intent. They afford a mere suggestion to the judicial mind that, where it clearly appears that the lawmakers were thinking of a particular class of persons or objects, their words of more general description may not have been intended to embrace any other than those within the class. Hand cars are used in the ordinary business of railroads. As already suggested, their use is within the mischief of the statute.

There is nothing in the statute requiring that the car be connected with a locomotive, or with other cars forming a train, or that it must be made to be propelled by any particular kind of power, in order to bring a case within its operation. We do not think that the fact that the word "cars" is enumerated with "trains" and "engines" restricts its meaning to cars propelled by engines, or to cars usually operated as part of a train. Eliminating, as we think we may for present purposes, the words "trains" and "en-

ines," this clause would read, "while engaged in operating," etc., "passenger or freight or other cars."

Order reversed.