HIBBARD, Respondent, vs. CHICAGO, ST. PAUL, MINNEAPOLIS
& OMAHA RAILWAY COMPANY, Appellant.

*March 18 — April 4, 1899.*

*Railroads: Personal injuries: Evidence: Court and jury.*

In an action against a railroad company to recover for injuries sus-
tained by an employee whose foot had been run over while he was
attempting to seal the end door of a car attached to the tender
plaintiff's testimony that his foot was caught between the main
rail and a guard rail and injured by the wheel of the tender is *held*
insufficient to sustain a finding by the jury to that effect, where
such testimony showed that it was not based upon recollection, but
was the result of inference, and the appearance of the shoe worn
upon the injured foot and plaintiff's position after the accident were
consistent only with the theory that his foot was caught between
the main rail and the wheel.

APPEAL from a judgment of the circuit court for St. Croix
county: E. W. HELMS, Circuit Judge. *Reversed.*

This is an action for personal injuries. The facts shown
upon the trial were that the plaintiff was employed as a
warehouseman by the defendant, at its station at New Rich-
mond in this state, on the 27th of June, 1894, and that one
of his duties was to seal the doors of all the freight cars
which were loaded at New Richmond before they left the
station. On the day of the accident a freight car had been
loaded with flour at a mill about a quarter of a mile from
the freight depot at New Richmond. A freight train came
in, and the engine uncoupled from the train and brought
this car to the station, preparatory to placing it in the train.
The plaintiff claims that the engine and car came to a stop
upon the house track, and that while they were so standing
still the plaintiff, by direction of one of the brakemen of the
train, went in between the car and the tender of the engine,
and was climbing up to seal the door in the end of the
freight car toward the engine, when the engine suddenly

moved, without warning, backward, and the plaintiff's right foot was caught between a defectively blocked guard rail and the main rail, and the fleshy portion of the bottom of the foot cut off by the rear wheel of the tender. The tender was stopped before it had run half its length, and the plaintiff was then outside of the rails, hopping away from the track upon his left foot, with no injury except the loss of the bottom of his right foot.

The train employees assert that the engine never came to a standstill, and that the plaintiff must have entered between the tender and the car, and begun to climb up, while they were in motion; and they also deny that the plaintiff was injured at any place where there was a guard rail, and claim that his foot was caught under the rear wheel of the tender and on the main rail of the track. Whether the train was moving or not at the time the plaintiff stepped between the tender and the car, the fact seems to be certain that he stepped in from the west side, put his left foot upon the brake beam of the tender, his left hand holding the tool box of the tender, his right hand either reaching for or holding the handhold upon the end of the freight car, and his right foot either upon the main rail or just inside of the main rail upon the ground.

The plaintiff claims to recover because of defective and rotten blocking of the guard rail, by reason of which, he claimed, his foot was caught.

A special verdict was returned, by which it was found (1) that the engine and car came to a full stop before the plaintiff attempted to seal the car door; (2) that such stop was more than momentary; (3) that the plaintiff went between them while they were so stopped; (4) that the engine bell did not ring before the engine was again started backward; (5) that the plaintiff's foot was caught between the main rail and the guard rail; (6) that his foot was not on the main rail when he was injured; (7) that the defendant

did not exercise ordinary care and prudence in keeping the end of the guard rail blocked; (8) that such failure was the proximate cause of the plaintiff's injury; (9) that the plaintiff was not guilty of contributory negligence; and (10) that his damages were $4,750. On this verdict judgment was rendered for the plaintiff, and the defendant appeals.

For the appellant there was a brief by *L. K. Luse* and *H. L. Humphrey*, attorneys, and *Thomas Wilson*, of counsel, and oral argument by *Mr. Luse* and *Mr. Wilson*.

*W. F. McNally*, for the respondent.

WINSLOW, J. Upon the first trial of this case (96 Wis. 443) it was not suggested that there was any defect in the track or blocking which caused or contributed to the plaintiff's painful injury. In fact, it is admitted by the plaintiff himself that upon the former trial he testified that when the engine moved back his right foot was caught under the rear wheel of the tender and run over, thus cutting off the fleshy portion of the bottom of the foot; but he says that since *that* trial he has looked over the ground and discovered that his foot must have been caught between the guard rail and main rail by reason of defective blocking. The jury have found this to be the fact, and if their finding in this regard is supported by the evidence there seems no substantial reason why the judgment should not be affirmed. Careful examination of the evidence compels us to say, however, that the plaintiff's present claim is against the great preponderance of the evidence. In the first place, it must be remembered that the plaintiff admits that upon the first trial of the case he testified repeatedly that his foot was caught under the wheel of the tender upon the main rail; and even upon the second trial he does not say that he can remember that his foot was caught between the guard rail and the main rail. It is true that he says upon his direct examination that his foot was caught in the guard rail; but

upon cross-examination he admits that he does not know whether the wheel ran over his foot or not, that as the tender passed him he was outside of the rails, that he could not say whether his foot was on the rail or not, that it might have been on the main rail from the time he placed it there until he was hurt, that he never knew that his foot was caught by the guard rail until after the first trial of the case, and that he does not know of his own knowledge what part of his foot came in contact with the guard rail. These admissions, and more that might be quoted, demonstrate very clearly that he has no recollection or knowledge of his foot being caught in the guard rail, but is simply reasoning the matter out.

But there is evidence in the case, which is not to be shaken or gainsaid, which speaks emphatically against the plaintiff's present theory, and that is the evidence of the plaintiff's shoe which was run over and which is in the same condition now as then. This shoe bears well-defined marks of the course of the wheel over it. They cannot be mistaken; nor can it be argued that the marks result from pressure between the flange of the wheel and the guard rail. From this shoe, with its markings, it is morally certain that the wheel passed over the foot from the heel toward the toe, beginning on the outside of the heel and crossing diagonally to the inside. When the shoe is put upon the model of the rail sent up with the case, the demonstration is so clear that all doubt is removed; but, of course, it is impossible to adequately present that demonstration by mere written words. This explanation also accords with practically all of the testimony of the other witnesses in the case. The shoe was found upon the main rail, between the two rear wheels of the tender; there was flesh, and a part of the stocking, crushed, upon the main rail; the plaintiff was entirely outside of the rails when the tender stopped,— all of which facts are utterly inconsistent with the plaintiff's claim that the foot was crushed between the guard rail and main rail.

O'Brien and another vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

But there is one other fact which makes the plaintiff's contention quite incredible. If it were possible that the foot was crushed between the guard rail and the main rail, then the pressure marks on the shoe demonstrate that the whole right leg must have been in front of the wheel, and would infallibly have been run over, and his body dragged under the tender; whereas, in fact, the plaintiff received no injury save the cutting off of the flesh on the bottom of his foot, and was not under the tender when it stopped, but outside of the rails.

To sum up: The theory that the foot was caught under the wheel of the tender on the main rail, beginning at the heel, satisfies all the oral evidence, as well as the mute evidence of the shoe itself; while the theory that the foot was caught by the guard rail is not testified to by any witness, and is entirely at war with every established fact in the case.

Serious as the plaintiff's injury, suffered while attempting to perform his duty, undoubtedly was, we are compelled to say that a verdict that his foot was caught between the guard rail and the main rail is unsupported by the evidence and cannot be sustained.

*By the Court.*— Judgment reversed, and action remanded for a new trial.