GAFFNEY, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*January 11—January 30, 1906.*

*Railroads: Negligence: Injuries to employees: Fellow-servant: Statutes: Special verdict: Construction.*

1. In an action for the negligent injury of an employee it appeared, among other things, that plaintiff, a wiper in a railway company's roundhouse, required from time to time to go out on its engines to help supply them with water, rode out from the roundhouse on an engine to the water tank for the purpose of assisting the engineer, the engineer directing him to get upon the engine. When the tank was reached the engine was stopped, and plaintiff pulled down the spout for the purpose of filling the

engine tank with water, but, after raising the spout and climbing down the rear end of the engine, he was ordered by the engineer to ascend again and raise the spout higher, which he did, and then climbed down again behind the engine and was injured. *Held*, that plaintiff was a fellow-servant of the engineer within the calls of sec. 1816, Stats. 1898.

2. The protection of sec. 1816, Stats. 1898, continues until the employee is out of the danger incident to the employment.

3. As long as plaintiff was upon the engine in the discharge of his duties he was "riding" and within the protection of sec. 1816, Stats. 1898, although the engine at times during the performance of such duty was stationary.

4. In such case the jury found that plaintiff descended from the tender to the ground before the engine started back after he threw the spout up a second time, and was struck by the brake beam of the engine backing up as he stepped off the same. *Held*, that the fair construction of these findings is that plaintiff was struck as he stepped to the ground from the brake beam of the engine.

5. MARSHALL, J. (dissenting), is of the opinion that such findings are inconsistent, and that the jury did not find with sufficient definiteness to furnish a proper basis for a judgment in favor of plaintiff.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Reversed*.

The defendant is a railroad corporation, and this action was commenced to recover damages for injuries sustained by plaintiff while in its employ. It is claimed by plaintiff that, in the services in which he was engaged at the time of the injury, he was within the protection of sec. 1816, Stats. 1898, and therefore is entitled to recover on account of the negligence of a co-employee. The plaintiff's contention is that he was employed by defendant as a wiper, but that it was his duty, when called upon, to assist engineers of the defendant company in taking engines from the roundhouse to the water tank to be filled with water, and after being so filled placing them on a side track in the yard, and that in the performance of such duty it at times became necessary to open and close switches and give signals for the moving of engines. At the

time of the injury he was engaged in such service. The trial resulted in the following verdict:

"(1) Did the plaintiff *Gaffney* fall to the ground from the rear of the tender, while it was in motion, at or near the point where the engine ran upon his arm? *Answer*. No.

"(2) If you answer the last question 'No,' then answer this: Did *Gaffney* descend from the tender to the ground before the engine started to move back, after he threw the spout up a second time? *A.* Yes.

"(3) If you answer the second question 'Yes,' then answer this: Was the plaintiff struck by the brake beam of the engine backing up as he stepped off the same, drawn along the track with his legs under the brake beam, while he held on to the pin-lift with his hands, from the water tank to a point on the track westerly therefrom about 100 feet? *A.* Yes.

"(4) Did *Gaffney* signal to Joachim 'All right,' after the spout was thrown up a second time, and before Joachim moved the engine backward? *A.* No.

"(5) If the answer to the first question be 'No,' then answer this: Was Joachim guilty of negligence in so moving the engine backward without signal from *Gaffney? A.* Yes.

"(6) If you should answer the fifth question 'Yes,' then answer this: Should a man of ordinary intelligence and prudence in Joachim's situation have reasonably anticipated that *Gaffney* would be injured by moving the engine as Joachim moved it? *A.* Yes.

"(6½) Did Joachim hear *Gaffney's* first outcry? *A.* No.

"(7) Did Joachim use all reasonable effort to stop the engine as soon as he heard *Gaffney's* outcry? *A.* Yes.

"(8) If you answer the second question 'Yes,' then answer this: Did *Gaffney,* under all the facts and circumstances, use ordinary care in descending from the tender at the place and in the manner he did? *A.* Yes.

"(9) At what amount do you assess the plaintiff's damages? *A.* $4,500."

Both parties moved for judgment on the verdict, and the court rendered judgment for defendant on the ground that the plaintiff when injured was not within the protection of sec. 1816, Stats. 1898, from which judgment this appeal was

taken. Plaintiff assigns as error the denial of his motion for
judgment and the granting of defendant's motion for judg-
ment.

For the appellant there was a brief by *Wigman, Martin &
Martin,* and oral argument by *P. H. Martin.*

*H. O. Fairchild,* of counsel, for the respondent.

KERWIN, J. It is claimed by respondent that "the plaintiff
has neither allegation in his complaint, proof in the case, nor
finding of the jury to sustain a judgment in his favor." The
first question presented, therefore, is whether the complaint
brings the plaintiff within the protection of the statute. That
is to say, whether or not at the time of the injury plaintiff
was engaged "in operating, running, riding upon, or switch-
ing . . . engines or cars" within the meaning of the statute.
The complaint, after alleging that defendant is a railroad cor-
poration, further alleges, in effect, that on the 20th day of
March, 1903, plaintiff entered into the employ of the defend-
ant as a wiper at its roundhouse in the city of Green Bay, and,
among other duties imposed upon him, was required from time
to time to go out from the roundhouse upon defendant's en-
gines to help in supplying them with water from defendant's
tanks; that on the 31st day of March, 1903, while in the serv-
ice of defendant, he was required to go out upon one of its
engines from the roundhouse to the water tank to assist in
supplying said engine with water; that on said occasion plaint-
iff rode out upon said engine, one Joachim acting as engineer
and operating the same, and was required to lower the spout
to fill the tank of the engine with water, and afterwards raised
it, then descended from the engine to the ground, when he was
immediately ordered by the engineer to go upon the engine
and raise the spout higher, which he did; that immediately
after having raised the spout he again descended to the ground
at the rear of the engine and in the presence of the engineer,
the engine being stationary until the instant he stepped upon

the track, and before he had time or opportunity to step off the track and out of the way of the engine the engineer negligently and without warning or notice, and without waiting for notice or signal to move, caused the engine to be negligently and recklessly moved backward upon plaintiff, causing the injury complained of. We think the allegations of the complaint bring plaintiff fairly within the protection of the statute. The contention of counsel for respondent is that neither finding of the jury, the proof made, nor allegations of the complaint entitle plaintiff to recover. In other words, that plaintiff was neither operating, running, nor riding upon the engine at the time of the injury, hence was not within the protection of the statute under the rule established in *Medberry v. C., M. & St. P. R. Co.* 106 Wis. 191, 81 N. W. 659, and other decisions of this court. We think the verdict is supported by the evidence, and the main inquiry is whether it is sufficient to sustain a judgment for plaintiff. The question of whether plaintiff signaled the engineer, Joachim, before the injury was litigated upon the trial and the jury found that he did not. The jury further found that Joachim was guilty of negligence in moving the engine backward without waiting for a signal from plaintiff, and that the plaintiff descended from the tender to the ground before the engine started to move back after he had thrown the spout up the second time, and was struck by the brake beam of the engine backing up as he stepped off, and was drawn along the track with his legs under the brake beam.

From these findings it is obvious that the plaintiff was struck and injured by the moving engine immediately upon his descent to the ground in the rear of the engine, after raising the spout as required to do by the engineer. And the question arises whether he was, at the time of injury, within the protection of the statute. Under the decisions of this court the particular service being performed at the time of injury is the test as to whether the plaintiff is within the pro-

tection of the statute. Was the plaintiff operating, running, riding upon, or switching at the time of injury? There is testimony to the effect that on the night of the injury plaintiff rode out from the turntable on the engine to the tank for the purpose of assisting the engineer, and that the engineer directed him to get upon the engine; that when he reached the tank the engine was stopped, and he pulled down the spout for the purpose of filling the engine with water; that after raising the spout he climbed down the rear end of the engine and was ordered by the engineer to ascend again and raise the spout higher, which he did, and then climbed down again behind the engine and was injured. It seems very clear that had he been injured while upon the engine in the performance of his duties he would have been entitled to the protection of the act, because within the class favored by it, and it seems equally clear that protection should extend to him, at least, until he had descended from the engine and was removed from the dangers incident to the employment. It cannot be said that the statute afforded him protection while upon the engine in the discharge of his duties, but that such protection ceased immediately upon reaching the ground and before he had time to escape from the moving engine. If entitled to the protection while in such employment, it is difficult to see why protection should not continue until he was out of the danger to which he was exposed while upon the engine.

We do not think the cases relied upon by counsel for respondent lay down a different doctrine. The learned circuit judge in an opinion which is part of the record places defendant's right to judgment upon the ground that plaintiff was not at the time of injury within the class which entitled him to the protection of sec. 1816, Stats. 1898, and in support of his opinion relies upon *Smith v. C., M. & St. P. R. Co.* 91 Wis. 503, 65 N. W. 183; *Ean v. C., M. & St. P. R. Co.* 95 Wis. 69, 69 N. W. 997; *Hibbard v. C., St. P., M. & O. R. Co.* 96 Wis. 443, 71 N. W. 807; and *Medberry v. C., M. & St. P.*

*R. Co.* 106 Wis. 191, 81 N. W. 659.   But we think the case
at bar is not in conflict with the rule of these cases.   *Smith v.
C., M. & St. P. R. Co.* is where plaintiff was at work repair-
ing a car standing upon the track and was injured by another
car being negligently pushed against the one upon which he
was at work, and it was held that was not within the class de-
fined by the statute.   In *Ean v. C., M. & St. P. R. Co.* the
plaintiff was a freight handler and was assisting in pushing a
car by hand into position before the freighthouse door, and it
was held that he was not employed in one of the branches of
the railway service covered by the statute at the time of in-
jury.   So, in the *Hibbard Case,* plaintiff was a warehouseman
and was injured while engaged in sealing freight cars loaded
at the station.   The court said:

"Plaintiff was not at the time of his injury engaged in 'op-
erating, running, riding upon, or switching a car. . . . Seal-
ing the door of a car, plainly, is not operating or running it."

And in the *Medberry Case* plaintiff was a conductor, and it
was part of his duty to see to the making up of trains and
have certain freight cars unloaded, and while the car was be-
ing unloaded he stood by watching an open switch and wait-
ing to close the door when the car was unloaded, and while so
standing was injured by the negligence of the men unloading
the car, and the court held that he was not at the time of the
injury engaged in operating, running, riding upon, or switch-
ing the train, within the meaning of the statute.

We think the case at bar is not out of harmony with the
*Medberry Case* and other cases in this court referred to, for
the reason that plaintiff's duties when assisting as he was at
the time of injury, and which duties involved riding upon
the engine, brought him within the class favored by the stat-
ute, assuming that he was still acting in such capacity and had
not ceased such operating at the time he was injured.   We
think, as before observed, that he had not, at the time of the
injury, ceased to be in the performance of the hazardous em-

ployment covered by the statute. It is said by counsel for respondent that the riding must be incident to the work or plaintiff must have been required to ride, but there is evidence that he was ordered to ride by the engineer, and the riding was, we think, under the employment fairly incident to the work. And so long as plaintiff was upon the engine in the discharge of his duties he was "riding" and within the protection of the statute, although the engine at times during the performance of such duty was stationary. Counsel for respondent insists that the jury found plaintiff had descended to the ground before the engine started to move back, and before the injury, and therefore he could not be riding upon the engine when he had already descended to the ground. The jury found in the second finding that "*Gaffney* descended from the tender to the ground before the engine started to move back after he threw the spout up a second time." And the third finding found that plaintiff was "struck by the brake beam of the engine backing up as he stepped off the same." The fair construction of these findings is that *Gaffney* was struck as he stepped to the ground from the brake beam of the engine. This being so, the findings bring plaintiff within the class favored by the statute. At the time of injury he was actually engaged in the service, although he had reached the ground, but had not had time before the injury to step off the track. The protection of the statute continued for such time as was reasonably necessary for him to extricate himself from the perils incident to the employment. It follows that the findings bring the plaintiff within the protection of the statute, and he was entitled to judgment on the verdict.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to enter judgment for plaintiff.

Marshall, J. (*dissenting in part*). The court,—fully recognizing the limitations of sec. 1816, Stats. 1898, as con-

strued by several decisions of this court, to the effect that no one is within its protection as to an injury to him unless he was at the instant of such injury of the class mentioned therein, and engaged in some one of the particular services specified,—hold that the judgment below should be reversed upon the ground that on the verdict plaintiff is entitled to recover. My opinion as to whether he was within the class mentioned in the statute is not material to my dissent. My brethren hold that he was engaged at the time of his injury in a particular service covered by the statute, in that he was, pursuant to his employment, riding upon the engine which collided with him inflicting the injuries complained of.

It is conceded that appellant was not in the physical sense riding on the engine when injured. But it is held that riding on the engine within the meaning of the act, as regards one who has actually entered upon services requiring such riding, must necessarily continue till he has an opportunity to leave the engine, the same being in motion, and to retire from dangerous proximity thereto as regards the movement, in progress, or momentarily to commence. In that view it is thought by my brethren that the jury found, in effect, that the plaintiff at the time he was struck by the engine had not wholly left it, in that though he had stepped to the ground he had not been afforded opportunity to retire safely from the region of its immediate movements. In my judgment, the jury did not so find with sufficient definiteness to furnish a proper basis for the judgment even if the theory of my brethren as to when appellant's service in riding upon the engine terminated be correct.

As I read the record the case was presented upon two distinct theories. That of the appellant was that he was injured while he was descending from the engine to the ground. The theory of the respondent was that before he was struck he had descended from the engine, wholly severed his relation therewith and proceeded some distance therefrom on his way to

the roundhouse. Two questions were framed, as it seems, to cover those opposite theories. One read as follows: "Did *Gaffney* descend from the tender *to the ground before the engine started to move back,* after he threw the spout up a second time?" The other is in these words: "Was the plaintiff struck by the brake beam of the engine *backing up as he stepped off the same?*" They aptly fit the diverse theories. It is hard to comprehend how plaintiff could have descended to the ground *before the engine started* to move back and at the same time been struck by it as it was backing up when he was in the act of stepping off.

The jury answered both questions in the affirmative. I am entirely unable to reconcile the answers. To my mind, it seems that the jury first found in favor of respondent, which, I apprehend, on the face of things would have entitled it to judgment. Then followed the finding in appellant's favor, which, according to the view of the court, entitled him to a judgment. How can it be said appellant was either struck while stepping to the ground or struck after he stepped to the ground and before he had time to step away from the moving engine, because: according to one finding he was actually on the ground before the engine started and for aught the jury found he may not only have been on the ground, but a considerable distance from the engine, as counsel for respondent claims.

In the opinion of my brethren the two findings are combined without explanation of their apparent inconsistency. Such combination of the findings in the opinion suggests an impossible happening. "The plaintiff descended from the tender to the ground before the engine started to move back . . . and was struck by the brake beam of the engine backing up as he stepped off." That is to say, the engine was stationary till the plaintiff was on the ground, nevertheless it was moving backward when he was in the act of stepping to the ground. It is useless to say more to make plain why I cannot agree with the decision of the court.