LONGHENRY, Administratrix, Respondent, vs. MINERAL, POINT & NORTHERN RAILWAY COMPANY, Appellant.

*February 22—March 10, 1908.*

*Master and servant: Railroads: Negligence: Sufficiency of complaint.*

1. In an action for bodily injury and suffering and for death caused while deceased was performing his duties as brakeman on defendant's freight train, the complaint charged incompetency of the engineer and the existence of defective brakes and couplings to the knowledge of defendant, and alleged generally that the injury and the death resulted therefrom, and that while deceased was performing his duties as brakeman and while switching was being done and while he was exercising ordinary care, defendant's employees in charge of the engine negligently, without warning or signal, caused the engine to come with great force and speed against certain cars where deceased was discharging his duties, whereby said cars struck and crushed him. *Held*, on demurrer, that the complaint was sufficient under sec. 1816, Stats. (Supp. 1906), without stating that such conduct was a breach of the engineer's duty.

2. The court will assume on demurrer to the complaint, until the contrary is shown, that such conduct was a breach of the engineer's duty.

APPEAL from an order of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Spensley & McIlhon,* attorneys, and *P. A. Orton,* of counsel, and for the respondent on that of *Fiedler & Fiedler.*

WINSLOW, C. J. The plaintiff, as administratrix of the estate of her deceased husband, Ernest Longhenry, sues to recover damages received by her said husband while in the employ of the defendant and performing his duty as brakeman, as well as damages for his death which resulted from such injuries on the following day. The complaint con-

tains two counts—one under sec. 4255, Stats. (1898), for his death, and one for his bodily injuries and suffering.

Demurrers to both counts based on several grounds were interposed and overruled and the defendant appeals, but urges in this court but one ground of demurrer, namely, that no sufficient facts are stated in either count to constitute a cause of action. The appellant's contention is that neither count states facts showing in what respect the defendant was guilty of any failure of duty which proximately caused injury to the deceased. The allegations which purport to charge the actionable negligence are the same in both counts. They charge incompetence on the part of the engineer and the existence of defective and insufficient brakes and couplings, to the knowledge of the defendant, and allege generally that the injury and death of the deceased resulted from these causes, but no facts are alleged showing proximate causal connection between them and the injuries of the deceased. Were these the only allegations of negligence the complaint might doubtless be properly held insufficient within the rule laid down in *Ean v. C., M. & St. P. R. Co.* 95 Wis. 69, 69 N. W. 997. But the complaint contains further allegations to the effect that while the deceased was performing his duties as a brakeman on a freight train, and while switching was being done and he was exercising ordinary care, the defendant's employees in charge of the engine negligently and carelessly, without warning or signal, caused the engine to come with great force and speed against certain cars where the deceased was discharging his duty as brakeman, whereby said cars struck the deceased and he was crushed. No allegation is needed to the effect that the moving of cars upon a brakeman without signal, notice, or warning while he is discharging his duty is a breach of the engineer's duty. Courts will assume that this must be so, at least until it is shown to the contrary, if, indeed, it can be so shown.

It appears, therefore, that negligence proximately causing the injury is sufficiently alleged in the complaint under the provisions of sec. 1816, Stats. (Supp. 1906; Laws of 1903, ch. 448, sec. 1, subd. 2).

*By the Court.*—Order affirmed.