H. H. SHERIFF v. CITY OF OSKALOOSA, Appellant.

Sewers: INSUFFICIENT CAPACITY: BACK WATER: DAMAGE TO PROPERTY OWNER. A property owner who voluntarily constructs a sewer from the basement of his building to the city's main sewer, paying the required fee for permission to do so, and knowing that the city sewer is insufficient at times to carry the surface water and sewerage and that other connected cellars near his own had been flooded, has no right of action against the city for damages caused by the flooding of his cellar by backwater from the city sewer.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

MONDAY, MAY 18, 1903.

THE plaintiff was the owner of a corner building, with a basement, located on the south side of High avenue, at its intersection with D street, in the city of Oskaloosa. The city built a main sewer along the avenue by the plaintiff's property, and paid for it by a general assessment. There was no ordinance requiring the plaintiff to connect therewith, but by permission of the city authorities he built a lateral sewer to the basement of his building, and paid the city the required fee for a connection with the avenue main. A heavy flow and great pressure of water in the main sewer caused it to back up through the plaintiff's pipe and flood his cellar. This action is to recover damages therefor. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*McCoy & McCoy* for appellant.

*H. H. Sheriff* and *L. C. Blanchard* for appellee.

SHERWIN, J.—It is not necessary to discuss the general liability of municipal corporations for damages caused by the improper construction, maintenance, or insufficiency of its public sewers, because of our conclusion on another branch of the case; and for the same reason we shall not further notice the errors alleged in the rulings on the introduction of testimony. The use of the defendant's sewer by the plaintiff was purely voluntary, and with the knowledge that it was of insufficient capacity to carry off the surface water and sewage which collected therein. The plaintiff testified that for nearly a year before he was damaged he knew of the flooding of other cellars along the same avenue and near his own property, and that he asked the authorities to permit him to turn some of the water from the catch-basin for the protection of his cellar and for the purpose of preventing the very overflow of which he now complains. If it be conceded, for the pur-

poses of this case, that when he connected with the sewer he was authorized to presume that it was reasonably sufficient to take care of the usual and ordinary amount of water and sewage flowing thereto, it would not avail him because of his subsequent knowledge that such was not the case, and the warning s ich knowledge gave him. After this knowledge was acquired by him he continued his open connection therewith at his peril, and has no legal right now to ask that his mere license to make such connection be construed into an insurance on the part of the city that the sewer was sufficient for the work intended. *Breuck v. City of Holyoke*, 167 Mass. 258 (45 N. E. Rep. 732); *Buckley v. City of New Bedford*, 155 Mass. 64 (29 N. E. Rep. 201); *Dermont v. Mayor*, 4 Mich. 435; *Roll v. City of Indianapolis*, 52 Ind. 547.   This is not a case involving the negligent or unlawful disposition of surface water.   The defendant was attempting to take care of such water, and to take it away from the plaintiff's premises through its sewer, while he by his private drain diverted it into his cellar.   The plaintiff had no cause of action, and a verdict should have been directed for the defendant.—REVERSED.