HART, Appellant, vs. CITY OF NEILLSVILLE, Respondent.

*September 12—October 3, 1905.*

*Municipal corporations: Sewage system: Original plan: Maintenance: Defects: Failure to remedy: Negligence: Injury to property: Liability: Pleading.*

1. A city having by its governing body duly adopted a plan for a sewage system and executed the same, it is not liable for injuries caused thereby to private property, not involving an unconstitutional taking thereof, produced by defects in such plan.

2. The basic principle of the rule aforesaid is that the due adoption of the plan requires the exercise by the governing body of the city of discretionary authority of a *quasi*-judicial nature.

3. In case a city constructs a sewage system, not according to any plan or to any plan adopted in the manner aforesaid, the rule stated does not apply.

4. Where a pleading is open to construction, that reasonable meaning which will support it should be adopted rather than one which will defeat it.

5. Though a city is not liable for damages to private property caused by mere defects in the plan of its duly adopted and executed sewage system, if it acquires knowledge of such defects and that unless they are remedied they will produce direct injury to private rights, it should exercise ordinary care to prevent such a result. and is responsible for damages caused by failure in that regard.

6. If, by reason of defects in a plan of sewage contemplating that private property will, as a matter of right, be connected therewith, such property is injured because of water accumulated in a sewer flowing therefrom through such a connection to such property, the injury is direct within the meaning of the last foregoing rule.

7. Where, as a matter of right, a private drain is constructed, connecting private property with a main sewer through an opening left by the city therefor, and damages result to such property by accumulated sewage flowing from such sewer to such property, the mere circumstance that without such drain no such result would have happened will not save the municipality from liability for such damages.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Reversed.*

This is an appeal from an order sustaining a demurrer to the complaint for insufficiency.. The material facts stated in the pleading for a cause of action are thèse: For more than twenty years last past plaintiff has owned and occupied·as a family home lots 5, 6, 16, 17, 18, and 19, block 8, Hewitt's Addition to the city of *Neillsville*. Under all parts of the dwelling house thereon there is a basement walled up with stone and a well adjacent thereto upon which the family depend for a water supply. From time to time prior to July 3, 1903, without having adopted any system thèrefor, said city by its authorized officers constructed a sewer system and maintained the same to drain property abutting upon some of its streets. In July, 1902, at the expense of the owners of abutting property said city constructed a sewer along the street in front of plaintiff's lots for the purpose of draining such abutting property, plaintiff paying the cost thereof apportioned to his lots. An opening was left in such sewer to enable him to connect therewith a drain leading from his basement thereto. In October thereafter such connection was made. The sewer system of the city was negligently constructed and maintained in that no plan was adopted therefor by the city; the pipe on the street last mentioned from the outlet thereof was too small to properly dispose of the sewage turned into it; catch-basins were so placed as to direct into the sewer surface water much in excess of its capacity; the sewer was not laid at a proper slope to make it efficient; a part of the sewer system was so constructed as to turn surface water flowing down a ravine known as "Goose Creek" into it, to such an extent as of itself to fill the pipe so that the added water from catch-basins and ordinary drainage necessarily caused sewage to back up into the sewer in front of plaintiff's premises and through the pipe leading to his property into his basement. By reason of such defects, at various times between July 3, 1903, and March 24, 1904, such basement and the well aforesaid were flooded from the sewer, rendering the well useless and the home for consid-

erable periods of time untenantable, and at other times unsuitable for residence purposes, causing the basement wall under the house to settle and to a considerable extent to fall, and the house to settle and crack and otherwise to be injuriously affected, to his damage in the sum of $1,500. The defendant knew during the time of the construction of the sewer system that it was not proceeding according to any plan having regard to the work that would be required of such system; that the work was being negligently done and that the system would be inefficient. After the system was constructed the defendant had notice of the insufficiency aforesaid which caused the damage complained of, and that such damages could be prevented by diverting the waters of Goose creek from flowing into the sewer pipes, and enlarging the main pipe at the outlet leading into O'Neill creek. When plaintiff connected his basement with the sewer, as aforesaid, he did not know of any of the defects which thereafter caused the damages complained of. He was careful at all times to guard against his property being damaged in the manner in which it was. The damages were caused wholly by the negligence of the defendant, as stated.

For the appellant there was a brief by *Marsh & Schoengarth,* attorneys, and *James Wickham,* of counsel, and oral argument by *Mr. Wickham.* They contended, *inter alia,* that a city is liable for damages caused by its negligence either in the construction or maintenance of a sewer. *Gilluly v. Madison,* 63 Wis. 518; *Schroeder v. Baraboo,* 93 Wis. 95; *Harper v. Milwaukee,* 30 Wis. 365; *Allen v. Boston,* 159 Mass. 324, 38 Am. St. Rep. 423; *Murphy v. Indianapolis,* 158 Ind. 238, 63 N. E. 469; *Litchfield v. Southworth,* 67 Ill. App. 398; *Louisville v. Norris,* 23 Ky. Law Rep. 1195, 64 S. W. 958; *Rowe v. Portsmouth,* 56 N. H. 291, 22 Am. Rep. 464; *Chalkley v. Richmond,* 88 Va. 402, 29 Am. St. Rep. 730; *Winchell v. Waukesha,* 110 Wis. 101. A person who lawfully connects his house drain with a public sewer, built at the expense of

abutting property, can recover damages caused by the sewage backing up from the sewer through the house-drain and flooding his premises. *Ft. Wayne v. Coombs,* 107 Ind. 75, 57 Am. Rep. 82; *Leavenworth v. Casey,* McCahon, 124; *Hitchins Bros. v. Frostburg,* 68 Md. 100, 6 Am. St. Rep. 422; *Defer v. Detroit,* 67 Mich. 346, 34 N. W. 680; *Masterton v. Mt. Vernon,* 58 N. Y. 391; *Wendell v. New York,* 4 Keyes (N. Y.) 261; *Buchanan v. Duluth,* 40 Minn. 402, 42 N. W. 204; *Tate v. St. Paul,* 56 Minn. 527, 45 Am. St. Rep. 501; *Semple v. Vicksburg,* 62 Miss. 63, 52 Am. Rep. 181; *Barton v. Syracuse,* 36 N. Y. 54; *Murphy v. Indianapolis,* 158 Ind. 328; *Rowe v. Portsmouth,* 56 N. H. 291; *Wilson v. Eau Claire,* 89 Wis. 47. While there are authorities holding that a municipal corporation is not liable for a mere error of judgment in the performance of a legislative or *quasi*-judicial duty, such as the adoption of a general plan of a sewage system, it is held that such corporation is liable when the defect complained of is not a mere error of judgment, but an act of negligence in providing a sewer system wholly inadequate to discharge the amount of sewage intended to be carried therein. *Seaman v. Marshall,* 156 Mich. 327, 74 N. W. 484; *Seifert v. Brooklyn,* 101 N. Y. 136, 54 Am. St. Rep. 661; *Tate v. St. Paul,* 56 Minn. 527, 45 Am. St. Rep. 501; *Lehn v. San Francisco,* 66 Cal. 76, 4 Pac. 965; *Evansville v. Decker,* 84 Ind. 325, 43 Am. Rep. 86; *Rice v. Evansville,* 108 Ind. 7, 57 Am. Rep. 84; *Terre Haute v. Hudnut,* 112 Ind. 542, 13 N. E. 686; *Seymour v. Cummings,* 119 Ind. 148, 5 L. R. A. 126; *Leavenworth v. Casey,* McCahon, 124; *Louisville v. Norris,* 23 Ky. Law Rep. 1195, 64 S. W. 958; *King v. Granger,* 21 R. I. 93, 79 Am. St. Rep. 779. Where a city has constructed a sewer according to plans previously adopted and has notice of the fact that the sewer is defective, but fails to remedy the defect, the city is liable. *Seaman v. Marshall,* 111 Mich. 327, 74 N. W. 484; *Seifert v. Brooklyn,* 101 N. Y. 136, 54 Am. St. Rep. 661; *Tate v. St. Paul,* 56 Minn.

527, 45 Am. St. Rep. 501; *Betterly v. Scranton,* 208 Pa. St. 370; *King v. Granger,* 21 R. I. 93, 79 Am. St. Rep. 779.

For the respondent there was a brief by *Homer C. Clark,* attorney, and *L. M. Sturdevant,* of counsel, and oral argument by *Mr. Sturdevant.* They contended, *inter alia,* that a municipality is not liable for any defect or want of efficiency in the plan of drainage it adopts, although the carrying of that plan into effect may expose private individuals to incidental inconvenience. *Child v. Boston,* 4 Allen, 41; *Gilluly v. Madison,* 63 Wis. 518, 522; *Knostman & P. F. Co. v. Davenport,* 99 Iowa, 589; *Hession v. Wilmington,* 1 Marvel (Del.) 122, 27 Atl. 830, 40 Atl. 749; *Darling v. Bangor,* 68 Me. 108; *Mills v. Brooklyn,* 32 N. Y. 489; *Johnston v. District of Columbia,* 118 U. S. 19; *Dermont v. Detroit,* 4 Mich. 435; *Atchison v. Challiss,* 9 Kan. 612; *Fair v. Philadelphia,* 88 Pa. St. 309; *Louisville v. Norris,* 23 Ky. Law Rep. 1195; *Roll v. Indianapolis,* 52 Ind. 547; *Buckley v. New Bedford,* 155 Mass. 64, 29 N. E. 201. A city is under no legal obligation to construct any sewer, and there can be no obligation that requires it to construct a sewer of any particular size. The plaintiff cannot complain because the sewer built by the defendant is insufficient to carry off his private sewage. *Roll v. Indianapolis,* 52 Ind. 547; *Atchison v. Challis,* 9 Kan. 612; *Baxter v. Tripp,* 12 R. I. 310; *Harrington v. Woodbridge,* 70 N. J. Law, 28, 15 Am. Neg. Rep. 128; *Buckley v. New Bedford,* 155 Mass. 64, 29 N. E. 201; *Child v. Boston,* 4 Allen, 41. In the case at bar, in its original condition the sewer could under no possible circumstances affect plaintiff's property to his injury. No sewage was or could be deposited upon his property until he made his private connection therewith. This connection was made, not for the public good but for his own convenience. Such being the case, he is not entitled to recover damages. *Buckley v. New Bedford,* 155 Mass. 64, 29 N. E. 201; *Harrington v. Woodbridge,* 70 N. J. Law, 28, 15 Am. Neg. Rep. 128; *Darling v. Bangor,* 68 Me. 108;

*Roll v. Indianapolis,* 52 Ind. 547; *Dermont v. Detroit,* 4 Mich. 435; *Sheriff v. Oskaloosa,* 120 Iowa, 442, 94 N. W. 904; *Johnston v. District of Columbia,* 118 U. S. 19; *Atchison v. Challiss,* 9 Kan. 612; *Baxter v. Tripp,* 12 R. I. 310; *Fair v. Philadelphia,* 88 Pa. St. 309; *Child v. Boston,* 4 Allen, 41; *Manning v. Springfield,* 184 Mass. 245, 68 N. E. 202.

MARSHALL, J.   The learned trial court held the complaint to be fatally defective, supposing, from the facts alleged, that the injuries complained of were produced by defects in the original plan of the sewer; and that since such defects were rendered injuriously operative as to appellant's property by his voluntary act in connecting his private drain with the main sewer, the result was not referable to any fault of the respondent.   The reasoning which resulted in such conclusions is embodied in an elaborate opinion by the judge containing a careful review of numerous authorities supposed to be in point.

While the law is well settled that, in case the governing body of a city, duly authorized thereto by its charter, adopts a plan for a sewage system and executes the same, it is immune from injuries resulting to private property not involving an unconstitutional taking thereof, but which are referable to defects in the plan itself (*Gilluly v. Madison,* 63 Wis. 518, 24 N. W. 137; *Champion v. Crandon,* 84 Wis. 405, 54 N. W. 775; *Schroeder v. Baraboo,* 93 Wis. 95, 67 N. W. 27; *Child v. Boston,* 4 Allen (Mass.) 41; *Johnston v. District of Columbia,* 118 U. S. 19, 6 Sup. Ct. 923; 2 Dillon, Mun. Corp. (4th ed.) § 1051), the mere circumstance of the construction of a sewage system by the properly authorized officers of a city does not satisfy that rule.   The basic principle thereof is that discretionary authority being vested in the governing body of a city to adopt a plan for a system of sewage, defects in a plan so adopted are referable to mere errors

in judgment, and, as regards resulting liability for injuries to private rights, are governed by the same rule as mistakes generally in the exercise of *quasi*-judicial authority. It follows necessarily that where such authority is not exercised at all, where a system of sewage is constructed by a city without any plan therefor, passed upon and adopted by the governing body of the corporation, the reason for exempting it from liability for defects attributable to faults in the plan does not exist. It is not the mere construction of a sewage system by a city which exempts the corporation from liability for injuries caused by its operation growing out of defects in the plan thereof, but such construction according to a plan stamped with judicial approval, so to speak, of the proper governing body.

It has been held, as indicated by cases cited by appellant's counsel, that in order to satisfy the rule stated the city council must not only adopt a plan, but do so with sufficient care to warrant the belief that legal discretion was exercised in the matter; that action in reckless disregard of consequences, as by adopting a palpably defective plan, or adopting one without the aid of some skilled person, where that in all reason is required, cannot reasonably be attributed to mere error of judgment. *Louisville v. Norris,* 111 Ky. 903, 64 S. W. 958; *Terre Haute v. Hudnut,* 112 Ind. 542, 13 N. E. 686.

The sufficiency of the complaint before us does not depend upon our going to the length of the two cases last cited. It states plainly that the system of sewage was not constructed according to any plan adopted by the city; that on the contrary the city negligently failed to adopt any plan.

The trial court held contrary to the foregoing upon the theory that the allegation in respect to failure to adopt a plan was intended merely to charge that the city did not employ a skilled engineer and have a plan laid out on paper and filed with the city clerk. We are unable to appreciate how such a meaning can be read out of the pleading. It seems to have

been supposed that the allegation that the sewage system was constructed part at one time and part at another is so inconsistent with its not having been constructed according to any plan adopted by the city, that the pleader's purpose must have been to charge mere failure to cause a diagram to be made by a skilled person and filed. We cannot so construe the pleading. The more reasonable view seems to be, that the pleader in charging municipal neglect to adopt a plan for the sewage system had in mind such a plan as, if it had been adopted, would exempt the city from liability for defects in respect thereto under the familiar rule on the subject. That was the only kind of a plan material to the controversy. If the pleading will reasonably bear the construction which the learned court gave to it, it will also bear the one we have suggested, if indeed it be necessary to resort to construction in order to read that out of the paper. By a familiar rule, the permissible construction which will support a pleading should be adopted rather than one which will defeat it. *Miller v. Bayer,* 94 Wis. 123, 68 N. W. 869; *Ean v. C., M. & St. P. R. Co.* 95 Wis. 69, 69 N. W. 997; *Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921.

If we were to come to the same conclusion as did the trial court on the point above discussed, it would not affect the final result, since the complaint states that appellant had no knowledge of the insufficiency of the sewage system prior to the demonstration thereof by the flooding of his property, as alleged, and that the city had such knowledge prior thereto and failed to remedy the defect, or to make any effort in the matter though there was ample opportunity for efficiently doing so. A mistake of judgment in the adoption of a sewage system is one thing, inexcusable omission to remedy demonstrated defects in one, liable, in view of the manner in which such system is designed to be used, to directly invade and injure private property, is quite another thing. The former involves mere error of judgment, the latter failure to perform

a duty which the city owes to the persons whose property is liable to be so injured.  It is not only the duty of a city to exercise ordinary care in constructing its sewage system but also in maintaining it.  That is breached by constructing a system known to be so defective as to necessarily cause injury to private rights, or continuing it without making reasonable efforts to remedy known defects therein, which would otherwise naturally and directly cause such injury.  *Tate v. St. Paul,* 56 Minn. 527, 58 N. W. 158; *Evansville v. Decker,* 84 Ind. 325; *Seifert v. Brooklyn,* 101 N. Y. 136, 4 N. E. 321. In the last case cited the court said:

"We are also of the opinion that the exercise of a judicial or discretionary power, by a municipal corporation, which results in a direct and physical injury to the property of an individual, and which from its nature is liable to be repeated and continuous, but is remediable by a change of plan, or the adoption of prudential measures, renders the corporation liable for such damages as occur in consequence of its continuance of the original cause after notice, and an omission to adopt such remedial measures as experience has shown to be necessary and proper."

That case and the others cited, as also the elementary works on the subject (see 10 Am. & Eng. Ency. of Law [2d ed.] 243), indicate that only defects in a plan duly adopted for a city sewage system, which, when put in operation according to the design, result in some direct injury to private rights, is within the rule rendering a city liable for failure to proceed with ordinary care, after notice of the facts, to remedy the matter.

However, since, where a sewer is constructed under such circumstances as those stated in the complaint, it is designed that the abutting property owners shall connect their property therewith, if the operation of the system with connections thus made, by reason of a defect in the plan of the system, results in water flowing from the sewer to the private property with injurious effects, such injury is direct within the mean-

ing of the cases cited. It was so held, in effect, in *Tate v. St. Paul, supra.* Judge Thompson in his work (sec. 5876) formulated the rule thus:

"But even if it were a good answer to make to the injured property owner, that the city had made a *mistake in its plan,* yet it would not be so after the city had acquired a *knowledge of the inadequacy of the plan* and of the injury inflicted thereby upon the property owner; since it would be its duty to abate the evil by changing its plan and rectifying its error."

That seems to accord with familiar principles covering the liability of a municipality for negligence. We adopt it. The allegations of the complaint before us call for its application. In the light thereof the pleading states a good cause of action independently of the first subject discussed, unless the contrary must prevail because the defective character of the sewer was rendered operative to the injury of plaintiff's property through the medium of his private drain.

We are unable to approve the decision that, in a case like this, the injured property owner is remediless because of the existence of his private drain. Plaintiff had a legal right to connect his property with the main sewer, as he did. The sewer was constructed partly at his expense with the expectation and design that such connection would be made. An opening therefor was left by the city, which, in effect, represented to him that the connection could safely be made. No negligence whatever can be imputed to plaintiff because of his private drain up to the time he knew a discontinuance thereof was necessary to save his property from being injured. It would be exceedingly unjust to hold,—that if a city constructs a sewer in a public street at the expense, in whole or in part, of the owners of abutting property, upon the theory that such property will be specially benefited by the facilities afforded to drain the same by means of a proper connection with the sewer, and the result is that because of defects in the sewer, known to the city to be liable to cause direct injury to such

property such an injury occurs——, the corporation can successfully answer the owner's claim for damages by alleging that had such connection not been made such injury would not have happened.

The cases relied upon by the trial court and the respondent's counsel on the subject above discussed we do not find in point. *Baxter v. Tripp,* 12 R. I. 310, seems to be an authority upon which great reliance is placed. There the property owner was permitted to connect his private drain with the main sewer only upon condition of his "executing to said city a release of all damages which may at any time happen to such estate in any way resulting from such connection." The plaintiff complied with that condition and his claim for damages was defeated solely on that ground. In *Graves v. Olean,* 64 App. Div. 598, 72 N. Y. Supp. 799, the overflow from the main sewer occurred at a time of unusually high water, and the decision was placed mainly on that ground. In *Sheriff v. Oskaloosa,* 120 Iowa, 422, 94 N. W. 904, the recovery was denied because the plaintiff was a mere licensee, and knew when he connected his property with the main sewer that it was insufficient and that by reason thereof injury had resulted from time to time for over a year to property in the vicinity of his premises. In *Dermont v. Mayor,* 4 Mich. 435, the sewer was not constructed at the expense, in whole or in part, of the owners of abutting property. The plaintiff connected his premises with the sewer as a mere licensee. The decision was grounded on those circumstances. In *Roll v. Indianapolis,* 52 Ind. 547, the decision turned on the fact that the property owner, as a condition of making his connection with the main sewer, gave a release as in *Baxter v. Tripp, supra.* In all those cases it was inferentially, at least, held that liability would exist under such facts as are alleged in the complaint before us.

When the precise question we are dealing with was pre-

sented for decision in *Fort Wayne v. Coombs*, 107 Ind. 75,. 7 N. E. 743, the court said:

"We find that the authorities settle this question against the corporation, for it is held, without diversity of opinion,. that the municipality is liable in such cases."

See, also, on the same point, *Semple v. Vicksburg*, 62 Miss. 63; *Murphy v. Indianapolis*, 158 Ind. 238, 63 N. E. 469; *Barton v. Syracuse*, 36 N. Y. 54.

The general result of the foregoing is that a city is not lia-- ble for injurious consequences to property abutting on a street resulting from connecting such property with a public sewer constructed by the city in such street according to a plan adopted by its governing body,—such injury being ref- erable to defects in such plan and not, in effect, an uncon- stitutional taking of such property. That rule does not apply where a sewage system is constructed without the judgment of the proper body being exercised in the matter in the adoption of a plan for the work, though the system is in fact con- structed according to some plan. If a sewer is constructed by a city in one of its streets according to a properly adopted plan, but by error of judgment such a plan is defective so that,. when the sewer is put in operation as contemplated, it causes direct injury to private rights, the municipality is liable if,. after notice of the defect, it fails to act with reasonable dili- gence to remedy the same. When the design of a sewage sys- tem constructed by a city is that abutting property owners will connect their premises therewith, and they are required to pay for special benefits to such property by bearing in whole or in part the expenses of the work, and the operation of the sewer results in a direct invasion of such property through the medium of a private drain, the injury thus caused is direct within the meaning of the rule as to the duty of a municipal-- ity to use ordinary care to correct known imperfections in its sewage system liable to cause injury to property lawfully con-

nected therewith. If a property owner exercises his right to connect his premises by a private drain with a public sewer, he not knowing of a defect therein, which by reason of such connection will produce injury to such property, and such injury is caused before he knows of the danger, or knowing thereof has reasonable time to guard against the same, his instrumentality in the matter will not preclude him from recovering compensation for the injury, if it is referable to negligence on the part of the city. Negligence in such a case may consist of failure to adopt a plan for the sewer; failure to exercise ordinary care in constructing the same; or failure to act with reasonable promptness to remedy defects in the plan, causing direct injuries to abutting property, after notice of the existence of such defects. These principles require us to hold that the complaint states a good cause of action.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to overrule the demurrer and further proceed according to law.

