## PROPERTY DAMAGED BY BACKING UP OF SEWER.

Circuit Court of Summit County.

AUGUST MERZWEILER v. CITY OF AKRON.

Decided, April 8, 1910.

*Municipal Corporation—Negligence as to Sewers.*

A municipal corporation is liable for damages to a lot owner by the flowing back into his cellar of filth from a sewer with which it is attached, by reason of the negligent overloading of said sewer by the municipality.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The relation of the parties here is as the relation was in the court below.

The plaintiff brought suit against the city to recover damages which he claims to have sustained by reason of the action of the city in connection with a sewer in North Forge street, in said city, upon which his premises abut, and which premises he claims were greatly injured by reason of what the city did and failed to do in connection with such sewer.

Before the case was ready for trial numerous pleadings by both parties had been filed, and the issues were finally made up by a second amended petition and answer thereto, and a reply to such answer. After the impanneling of a jury in the case the defendant objected to the introduction of any evidence by the plaintiff, which objection was sustained, and the court directed the jury to return a verdict for the defendant, which was done accordingly. Judgment was entered upon this verdict. All of this was objected to by the defendant and exception taken to the action of the court. Judgment having been entered, such proceedings were thereafter had that the case is properly here for review.

The only question presented by the record is as to the sufficiency of the second amended petition; whether it alleges facts which entitle the plaintiff to any relief.

The plaintiff charges that all the sewer work and construction mentioned in the petition was done by the city without any regard to any plan or system of sewerage; that in 1897, the defendant constructed a sewer 8 inches in diameter along said North Forge street; that the same was constructed for and was sufficient only for the proper drainage of the property abutting upon Forge street. That down grade in the sewer is to the east, and is much greater west of the premises than it is east of the same, causing a much more rapid flow therein from the west than the flow to the east and overburdens that part with a tendency toward filling the sewer to the east. After the construction of said 8 inch Forge street sewer, the plaintiff says, the said defendant from time to time constructed the several sewers hereinafter mentioned, without any reference whatever to any plan or system of sewerage, and without any plan or system whatever; all of which sewers drain into said Forge street sewer west of plaintiff's said property. And said defendant has thereby unlawfully, carelessly, recklessly and negligently attempted to use said Forge street sewer as a main sewer, and has thereby unlawfully, carelessly and negligently overcharged said Forge street sewer, so that the same is wholly inadequate to safely carry the great volume of additional water and sewage discharged therein; said Forge street sewer itself being at no time more than sufficient in size to drain the abutting property on said street.

And the plaintiff further says that the sewer so unlawfully added to and carelessly drained into Forge street sewer and connected therewith, are all 8 inch sewers, and are described as follows (and then he follows with a description of three sewers, which he says are discharged into the Forge street sewer west of his premises where the grade to the east is steep, whereas east of his premises it is much less steep); and he says that after the construction of all of said sewers, said Forge street sewer being overcharged and overloaded, that on or about August 15th, 1906, by reason of the wrongful acts and negligence and carelessness of said defendant as aforesaid, the water, filth and sewage in said Forge street sewer backed up and was forced back through the connections of plaintiff's property therewith, so that said

plaintiff's property and the cellars of his said dwelling-house, he having described therein the dwelling-house on his property, were filled with sewage, etc., whereby, he says, they were greatly injured; and he says the defendant unlawfully, carelessly and negligently failed and refused to relieve said Forge street sewer from its overcharge of water and sewage so unlawfully and negligently forced therein.' He goes on then further and says that the plaintiff became aware of this condition of his property by reason of the acts already charged, and that it undertook to repair the sewer, failed to make such repairs as would cause the sewer to properly discharge, but that it backed up and broke the traps, and that the water and sewage again flowed back into his premises and upon them, and thereupon caused noisome smells from the sewage in the cellar of the plaintiff's house and greatly injured the plaintiff, rendering the property unfit to use.

The defendant claims, first, it was not required by law to adopt a system of sewerage before constructing said Forge street sewer, and, hence, the charge in the petition in that regard can not render it liable for damages resulting for such want of a system. This contention of the city is borne out by the statute, Section 1536, sub-section 251. The caption of the section reads:

"Council may provide for, the construction of sewers without adopting any plan of sewerage, or dividing such city into districts."

The reason and application of this is well pointed out in the case of *Hartwell* v. *Railroad Co.*, 40 O. S., 155.

The second claim on the part of the defendant is that it is not liable in damages because the sewer constructed by it is inadequate to the uses to which it is put. In support of this proposition it cites the case of *Springfield* v. *Spence*, 39 O. S., 665. I think I will not take up the time to read that case or any part of it. Counsel in the case are entirely familiar with it, but, as we think, it is not parallel or near akin to the case now before us. In that case the matter under discussion and that for which damages was claimed was the failure of the city to properly dispose of surface water, but that the property of the plaintiff had been inundated by the surface water, his lot being lower

than the grade of the street and the surrounding lots.  So also is the case of the *City of Hamilton* v. *Ashbrook,* 62 O. S., 511. The circumstances of that case were altogether different from this.  There it was the use of a natural stream, water being thrown into it.  An examination of that case, we think, will satisfy one that it is not applicable here.

If the plaintiff is entitled to recover in this case it is because of the acts of the city, not in the construction of the Forge street sewer, but in the overloading of such sewer by constructing other sewers leading into it to provide for the sewering of other territory not contemplated in its original construction, and in making its repairs on such sewer in so faulty a manner that the sewage was thrown upon the plaintiff's premises, bringing about the injuries of which he complains.  That it is liable for these injuries seems so thoroughly in consonance with right as to commend it to the judgment of the court; and, as we see it, is supported by high authority.  See *Hart* v. *Neilsville,* a Wisconsin case reported in 1 L. R. A. (N. S.), 952.  I will not stop to read it. Counsel are familiar with that, as it was cited to us.  We think it is thoroughly in point.  See also *City of Terre Haute* v. ——, an Indiana case reported in the 30 N. E., 686.  See *2 Dillon Municipal Corporations,* Sections 1042-1051.  Section 1049 reads:

"In accordance with the above distinction between legislative or judicial duties on the one hand and ministerial duties on the other" (a distinction plain in theory, but oftentimes difficult of application to particular cases).

And I may stop here to say that the allegation in the petition to which attention has already been called that the city adopted no system of sewerage, and the proposition further stated, that under the statute, it is not bound to do it, is applicable here to this extent, that the very fact that it did not do it, shows that it was not acting in a judicial capacity.  It is when it acts judicially by the adoption of a system, it is when it acts by the adoption of a system that it is said to act judicially, and that, therefore, an action can not be maintained because of a judicial mistake.

"A municipal corporation is liable for negligence in the ministerial duty to keep its sewers (which it alone has the power to

control and keep in order) in repair, as respects persons whose estates are connected therewith by private drains, in consequence of which such persons sustain injuries which would have been avoided had the sewers been kept in a proper condition. If the sewer is negligently permitted to became obstructed or filled up, so that it causes the water to back-flow into cellers connected with it, there is a liability therefor on the part of the municipal corporation having the control of it, and which is bound 'to preserve and keep in repair erections it has constructed, so that they will not become a source of nuisance' to others. The work of constructing gutters, drains and sewers is ministerial, and when, as is usually the case, the undertaking is a corporate one, the corporation is responsible in a civil action for damages caused by the careless or unskillful manner of performing the work.''

I will not stop to read Section 1051, but it will be found in point, and as we think, sustaining the claim of the plaintiff here.

From what has been said and from the authorities cited, we reach the conclusion that the second amended petition in this case states a cause of action in this—it avers that the city had not adopted a system of sewerage, and therefore, could not escape liability because it had acted judicially in adopting such system, and the allegation of the failure to adopt a system, though as already pointed out, it constitutes no ground for complaint, it removes from the city the defense that it was acting under a system, and therefore, acting judicially, or rather that it acted judicially in adopting a system, and therefore, can not be liable because of its judicial mistake. It would have been probably as well to have omitted this from the petition, and then left the defendant, if it could do so, to have plead as a defense that its work was done under an adopted system. If the averments of the petition are true, it had turned into the Forge street sewer from three other sewers, which it was entirely unable to take care of and for which it was not intended it should care for, and thereby had brought about an injury to the plaintiff which the defendant should have foreseen. In addition to this, when knowledge was brought home to it of the evil effects of this action, it wholly failed to remedy the defects in any adequate manner. The result is we find that there was error in the action of the court as hereinbefore stated, and the judgment is reversed and the case remanded to the court of common pleas.