594

SEWERAGE COMMISSION OF CITY OF
MILWAUKEE et al. v. ACTIVATED
SLUDGE, Inc.
No. 5077.

Circuit Court of Appeals, Seventh Circuit.
March 2, 1934.

Newton D. Baker and Arthur C. Denison, both of Cleveland Ohio, Wallace R. Lane, of Chicago, Ill., Max Raskin and William F. Quick, both of Milwaukee, Wis., for appellants.

Lynn A. Williams, Clifford C. Bradbury, and Casper William Ooms, all of Chicago, Ill. (George B. Hudnall, of Milwaukee, Wis., of counsel), for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

SPARKS, Circuit Judge.

This is an action charging appellants with infringement of the same patents as those involved in cause No. 5001, City of Milwaukee v. Activated Sludge, Inc., 69 F.(2d) 577, decided this term by this court. The only material difference in the two bills of complaint is that in the former case the City of Milwaukee was the defendant, while in the case at bar appellants were the defendants.

After the trial court had announced its decision in the former case, and when the decree was being formulated, the City of Milwaukee for the first time objected to the order of accounting and injunctive process against itself, on the theory that the Sewerage Commission of the City of Milwaukee was the only entity against which an accounting might be had, or a money decree obtained, or an injunction issued, inasmuch as the Commission was a separate municipal corporation for whose torts the city was not liable. The decree in that case, however, was entered on February 25, 1933, contrary to the city's contention and over objections as set forth in the opinion rendered by this court in No. 5001. From that decree an appeal was taken to this court and perfected prior to June 24, 1933.

On June 24, 1933, appellee instituted this action in which it asked for an accounting and damages and for a preliminary injunction pendente lite, and for a permanent injunction upon a final hearing. A preliminary injunction was issued and thereupon appellants moved to dismiss the bill for lack of jurisdiction on the theory that in substance and effect it was amendatory or supplemental to the original bill in cause No. 5001, or an original bill in the nature of a supplemental bill based upon the original bill in No. 5001. Hence, appellants argue, the original action being then within the jurisdiction of this court, the District Court had no further jurisdiction to proceed. The court overruled the motion and the appeal to this court raises the question of the correctness of the

court's ruling in overruling the motion to dismiss, and in issuing the preliminary injunction.

The bill here is an ordinary one for infringement and damages, except that by reference it incorporates therein all the record and proceedings of the former case. Why this was done is not apparent, and it constitutes the only ground upon which appellants' motion is based, for otherwise the pleading is impervious to attack as an original bill for infringement against appellants. It is obvious that the District Court had no jurisdiction if the bill is to be considered as amendatory or supplemental to the original bill in No. 5001, but it is quite evident that the court did not so consider it, and we think its ruling was correct. While the pleadings are to be construed most strongly against the pleader, yet where the scope and tenor of the pleading are doubtful and are open to construction, that reasonable meaning which will support it should be adopted rather than the one which will defeat it. Hart v. City of Neillsville, 125 Wis. 546, 104 N. W. 699, 1 L. R. A. (N. S.) 952, 4 Ann. Cas. 1085. The court was warranted in considering as surplusage that part of the bill which incorporates the record and proceedings of the former case.

On authority of this court's ruling in cause No. 5001, we think appellee is not entitled to an injunction, and the decree is reversed in that respect. The court's ruling on the motion to dismiss is sustained, and it is ordered that appellants and appellee each pay one-half of the costs of this appeal. The cause is remanded with instructions to dissolve the injunction and for further proceedings not inconsistent with this opinion.