**RECONSTRUCTION FINANCE CORPORATION v. J. G. MENIHAN CORPORATION et al.**

No. 2174.

District Court, W. D. New York.

Feb. 7, 1938.

Abbott, Rippey & Hutchens and Harold G. Hutchens, all of Rochester, N. Y. (Nims & Verdi, of New York City, of counsel), for plaintiff.

Werner, Harris & Tew and George H. Harris, all of Rochester, N. Y., for defendants.

BURKE, District Judge.

This is a motion to dismiss the bill of complaint upon the grounds that it fails to

state facts sufficient to constitute a cause of action and that it is without equity.

The facts as alleged are substantially as follows: A corporation known as the Menihan Company was engaged in the business of manufacturing shoes at Rochester, N. Y. In connection therewith it began in 1912 to use the trade-marks "Arch Aid," "Menihan's Arch Aid," "The Menihan Arch Aid," and "Menihan." Shoes made by the company and bearing these trade marks were advertised and sold in most of the principal cities of the United States. The business grew, and by 1929 the aggregate net sales of shoes made by this company amounted to more than $3,000,000 annually. Subsequent to 1929 the business began to decline, and several years later the plaintiff loaned the company $250,000 and took as security liens on substantially all of its real and personal property, including the right to use the corporate name, the good will of the business, and all of its trade-marks, two of which were registered in the United States Patent Office. On December 7, 1936, the Menihan Company was adjudicated a bankrupt by order of this court, and in due course the trustee in bankruptcy sold to the plaintiff, as the highest bidder at public auction, substantially all the real and personal property of the bankrupt, the plant and all of the fixtures, furniture, machinery, and all equipment used in connection with its operation, the business and good will, the trade-marks and such rights as the bankrupt had to the use of the name "The Menihan Company" and to the use of the trade-mark "Arch Aid." About thirty days later the defendants J. G. Menihan, Sr., and J. G. Menihan, Jr., organized, or caused to be organized, the corporation, J. G. Menihan Corporation, one of the defendants, which is now engaged in the manufacture of shoes at Rochester, N. Y. It has placed, and is placing, upon shoes made by it, the trade-names and trade-marks which plaintiff purchased from the trustee in bankruptcy with full knowledge of the plaintiff's rights. The defendants have advertised themselves to the public as the successors of the Menihan Company. These acts were done with the fraudulent intent and purpose to appropriate to themselves the good will and business acquired by the plaintiff and to take advantage of the trade-marks and trade-names. The defendants have passed off their goods as those of the Menihan Company and have competed unfairly with plaintiff and have infringed plaintiff's trade-mark rights, are now doing so, and threaten to continue to do so. Plaintiff seeks an injunction, an accounting, and treble damages.

The defendants contend that the complaint does not state sufficient facts to give the court jurisdiction. The complaint alleges that the government of the United States is the owner and holder of all the capital stock of the plaintiff corporation, incorporated under an act of Congress, and that the value of the rights sought to be protected, exclusive of interest and costs, exceeds the value of $3,000. These facts alone are sufficient to give the court jurisdiction. Reconstruction Finance Corporation v. Bell, 4 Cir., 84 F.2d 136.

Another ground of defendants' objection is that plaintiff never had any competing business which could be injured by the defendants. The basis of this contention is that the plaintiff did not purchase from the trustee in bankruptcy a "going business," and therefore there was no trade or business and good will to which the trade-marks might attach. Taking the complaint at face value, however, the plaintiff purchased substantially all of the real and personal property of the bankrupt, which included all of the fixtures, furniture, machinery, and all equipment used in connection with its operation; also the business and the good will, the above-mentioned trade-marks, and such rights as the bankrupt had to the use of the name "The Menihan Company" and to the use of the trade-mark "Arch Aid." Bankruptcy did not necessarily destroy the business that had been developed over a period of years. The trustee in bankruptcy could convey title to the business with the good will and trade-marks. Rice & Hutchins v. Vera Shoe Company, 2 Cir., 290 F. 124. Whether or not the trustee in the course of the administration of the bankrupt estate destroyed the business and good will is a question of proof.

Though not alleged in the complaint, the records of this court disclose a sale by the trustee to others than the plaintiff of the stock of shoes, leather, and findings and office equipment. It cannot be said, however, as a matter of law that this was sufficient to destroy the business. The proof may show that the shoes sold were seasonable, that the leather and findings were of inferior quality, the office equipment was outmoded. These facts or other similar circumstances, if shown by the proof, would

render these items not only unnecessary but undesirable in a going business. New shoes could be fabricated and new office equipment supplied if these were the elements lacking to make it a going business. Nor is it material that plaintiff itself could not engage in the shoe business. It could transfer title to the business, good will, and trade-names in liquidating the collateral it took for the loan under the doctrine laid down in the Alien Property Custodian cases, Koppel Industrial Car & Equipment Company v. Orenstein & Koppel Aktiengesellschaft, 2 Cir., 289 F. 446.

 The equitable doctrine relied on, commonly called "unfair competition," is that no one should be allowed to sell his product by representation or inference that it is the product of another. Usually, when invoked, market competition is present. It is not essential, however. The invocation of equity depends more fundamentally on the element of unfairness. It is immaterial whether the same occur in competition or otherwise. Vogue Co. v. Thompson-Hudson Co., 6 Cir., 300 F. 509, 512.

 The plaintiff was authorized by law to make the loan and to take security for repayment. The authorization to take security implies the right to liquidate the security. If plaintiff has not pleaded in so many words its purchase of the assets and good will of the bankrupt corporation as a means of liquidating its security, it is not a great step for the court to so construe the complaint so that the pleading will not be defeated. Where a pleading is open to construction, a reasonable meaning which will support it should be adopted rather than one which will defeat it. If by defendants' acts it is likely to be unfairly prevented from realizing what it has a right to expect from a sale of the business, the good will, and trade-marks, the injury is present and redress may be sought in equity.

 Another ground of complaint that the bill is faulty is that the surname "Menihan" and the words "Arch" and "Aid" were never, and are not now, the exclusive property of any one. Plaintiff has alleged that the defendant corporation is engaged in the business of manufacturing shoes and that it places upon its shoes plaintiff's trade-marks "Arch Aid" and "Menihan" and that the shoes so marked and stamped are packed in boxes marked "The Menihan Company" and that the acts of the defendants were done fraudulently for the purpose of taking advantage of celebrity in the shoe business of plaintiff's trade-marks and trade-names. Even the name of a person can acquire a meaning by long association with a product so that the use of the name unexplained with another similar product will have the effect of deception. Herring-Hall-Marvin Safe Company v. Hall's Safe Co., 208 U.S. 554, 559, 28 S.Ct. 350, 52 L.Ed. 616. Descriptive words may acquire by use a secondary significance which is susceptible of ownership and entitled to protection in equity. Le Blume Import Company v. Coty, 2 Cir., 293 F. 344, 353.

 Defendants urge the dismissal of the bill because the plaintiff has failed to allege that the use of defendant's trade-mark and trade-name was without the consent of the plaintiff. Infringement has been clearly alleged. The plaintiffs unequivocally charge the defendants with fraud. These allegations are inconsistent with consent on the part of the plaintiff. To allege lack of consent would add nothing to the bill.

The motion to dismiss the bill of complaint should be denied.