## Fifth Condemnation by Redevelopment Authority of Lebanon County

*David J. Brightbill,* of *Lewis, Brubaker, Whitman & Christianson,* for condemnor.

*Robert C. Rowe,* of *Spitler, Rowe & Kilgore,* for condemnee.

GATES, *P. J.,* November 27, 1974—On August 21, 1974, the Redevelopment Authority of the County of Lebanon, pursuing the Southside Disaster Urban Renewal Project, filed its declaration of taking of nine rental properties of the condemnee, James Chichi.

On October 11, 1974, the condemnor filed a petition for a writ of possession, averring that the condemnor has complied with section 407 of the Eminent Domain Code of June 22, 1964, Sp. Sess., P.L. 84, as amended, 26 PS §1-407, by making a written offer to the condemnee to pay him just estimated compensation for the properties in the amount of

$97,600. The condemnor complains that the condemnee has failed and refused to accept the offer of estimated just compensation and has continued to withhold possession of the properties.

We issued a rule to show cause on the condemnee and held a hearing on November 7, 1974.

At the hearing we learned that the condemnee's complaint is that the condemnor did not use the income capitalization approach in determining its estimate of just compensation and the condemnee, therefore, asks us to delay issuing the writ of possession until another, presumably higher, offer of estimated just compensation is made on the basis of the proper appraisal approach. It is conceded that the condemnor has at all times acted in good faith.

Prior to the enactment of the new Eminent Domain Code in Pennsylvania, the law did not require any payment by a condemnor to a condemnee until a final award and judgment was entered. The drafters of the code recognized that this in many cases invokes hardship upon condemnees who must give up possession and relocate elsewhere before they receive any money at all from the condemnor. To remedy this obvious inequitable situation, the legislature enacted section 407 of the new Eminent Domain Code.

On the other hand, this provision gives the condemnor immediate possession of the property and relieves it of the burden of interest accruing on the amount of the estimated just compensation paid or deposited from the date of taking to the date of judgment in the eminent domain proceeding.

Section 407 entitles the condemnor, after filing the declaration of taking, to possession of the condemned property upon the payment of, or a written

offer to pay to the condemnee, the amount of just compensation as estimated by the condemnor. Recognizing that there may be error in the estimate, the code provides that acceptance of the condemnor's estimate of just compensation does not preclude the condemnee from obtaining a higher award as a result of a hearing before a board of viewers or, on appeal, at the hands of a jury in the common pleas court. Furthermore, in the event that the final determination of just compensation is less than the amount estimated and paid by the condemnor, the condemnee is not compelled to pay back to the condemnor any money already received.

It is evident that section 407 is intended as a provisional and not a final settlement. The provisional just compensation is determined "as estimated by the condemnor." The legislature plainly gave the acquiring authority—not the courts—the function of estimating just compensation for this purpose. There is no section in the new Eminent Domain Code which invests us with jurisdiction to review the amount of estimated just compensation as initially determined by the condemnor. The initial and proper forum for this determination is the board of viewers.

Our research has disclosed no Pennsylvania decision in point. However, under a similar federal statute, there are several cases which hold that, even if the condemnor acts in bad faith in establishing estimated just compensation, the court is without jurisdiction to review the amount of estimated just compensation. The establishment of bad faith is not sufficient to withhold the power and the right of a condemnor to take possession: In re: United States, 257 F 2d. 844 (1958); United States v. Mil-

ler, 317 U.S. 369, 63 S. Ct. 276, 87 L. Ed. 336; United States v. 284, 392 Sq. Ft. of Floor Space, 203 F. Supp. 70 (1962).

It is true that these cases are interpretive of the Federal Declaration of Taking Act, but at least one commentator has noted that the condemnation procedure section of the new Pennsylvania Eminent Domain Code is modeled upon the provisions of the Federal Declaration of Taking Act: Snitzer, Pennsylvania Eminent Domain.

We need not concern ourselves with the bad faith exception referred to in these federal cases, because it is conceded that the condemnor has acted in good faith and it is evident that estimated just compensation is substantial—not merely nominal. In that the condemnor has complied with all procedural requirements, it is entitled to possession.

## ORDER

And now, November 27, 1974, our rule issued October 11, 1974, is hereby made absolute and a writ of possession prayed for shall be issued by the prothonotary upon payment of $97,600.